GERALD M. LIVINGSTON and Another, as Executors of the Estate of CRAWFORD LIVINGSTON, Deceased, Plaintiffs, *v.* HERBERT V. FALK and CHARLES R. DALGLEISH, Defendants.

First Department, July 6, 1926.

Corporations — stock — action against members of reorganization committee for stock unlawfully issued to themselves in payment for services — one member of committee was not served, and execution upon judgment against another member was returned unsatisfied — three remaining members must contribute to entire judgment in proportion which their stock, valued at time of issuance, bears to amount of judgment.

A judgment was recovered against the members of a reorganization committee of a stock corporation, based on the illegal issuance to themselves of stock of the reorganized corporation in payment for services. One of the members of the committee was not served and the execution issued against another member was returned unsatisfied. The three remaining members of the committee must contribute to the payment of the entire judgment in that proportion which their stock, valued at the time of its issuance, bears to the amount of the

judgment, and no consideration should be given to the fact that one member of the committee sold his stock on a rising market at a considerable profit, while the other two members of the committee retained their stock which, at the present time, is worth much less than it was when issued.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*John Preston Phillips* of counsel [*John Donald Robb* with him on the brief; *Cravath, Henderson & de Gersdorff*, attorneys], for the plaintiffs.

*William L. Wemple*, of counsel, for the defendant Herbert V. Falk.

*Harold B. Elgar*, of counsel [*Hardin & Hess*, attorneys], for the defendant Charles R. Dalgleish.

MERRELL, J. It appears from the agreed statement of facts executed by the parties to the controversy that plaintiffs' testator, Crawford Livingston, in his lifetime, together with the defendants, Herbert V. Falk and Charles R. Dalgleish, and with one Walston H. Brown and one Albert N. Parlin, constituted themselves a protective committee for the stockholders of the United States Light and Heating Company (Maine), of which company equity receivers were appointed in 1914 by the United States District Court for the Western District of New York. The said committee reorganized the Maine company, obtaining possession and control of practically all its recognized stock. Thereupon the said committee transferred all the property so obtained to a new corporation which they caused to be formed under the laws of the State of New York and known as the United States Light and Heat Corporation; and in consideration thereof said committee received $3,000,000 par amount of preferred stock, $4,000,000 par amount of common stock, and $500,000 principal amount of bonds. The committee disposed of said stocks and bonds under the provisions of the reorganization agreement between themselves and the depositing stockholders of the Maine company. In further disposition of said stock the said committee by resolutions fixed and appropriated out of moneys and property in the custody of the committee compensation to themselves as follows:

" Be it further resolved that the members of the commitee do each of them receive for their services as a member of the committee Two thousand five hundred dollars ($2500) in cash, Five thousand dollars ($5000) in preferred stock trust certificates, and Fifty thousand dollars ($50,000) in common stock of the new U. S. Light & Heat Corporation.

" Be it further resolved that Walston H. Brown, receive for his

services as chairman of the Committee Two thousand five hundred dollars ($2500) in the preferred stock trust certificates. That Mr. Herbert V. Falk, for his services as Secretary of the Committee, receive Ten thousand dollars ($10,000) in the preferred stock trust certificates, and Twenty-five thousand dollars ($25,000) of the new common stock of the U. S. Light & Heat Corporation."

It is stipulated that such appropriation was made in good faith, each and every member of the committee believing that it represented the fair value of their services, and in consequence of the said resolution adopted by the committee, each member of the committee received the amount of stock, preferred and common, which said resolution awarded him, and each committeeman sold or otherwise disposed of the stock so received by him at such times and in such manner and for such consideration as he pleased; and the times, manner and consideration of such disposition were different in the case of the different individuals; that is to say, all concert of action between the committeemen with respect to their compensation ceased with the adoption of the resolution aforesaid and the issue of the stock specified in said resolution. The cash consideration mentioned in the resolution was not collected by the committee and was later turned over to the New York corporation. Thereafter the committee, under power conferred upon them by the reorganization agreement, determined to make the new corporation the beneficiary of the surplus stock remaining in its hands after satisfying all its other obligations, including the payment of the compensation of the members thereof. Thereupon a stockholder of the new corporation asserted a cause of action in the right of the new corporation (it having refused to act), claiming that the committee had compensated its members excessively and on a wrong principle, and demanding that the members of the committee as individuals account. The stockholder's cause of action was later adopted by the corporation, which filed an amended answer demanding the same relief as the complaint. The matter came on for trial and resulted in a decision in favor of the plaintiff, and upon the decision the court entered an interlocutory judgment as follows:

"Adjudged that the moneys remitted to the defendants, Walston H. Brown, Crawford Livingston, Charles R. Dalgleish, Albert N. Parlin, and Herbert V. Falk by the depositing stockholders of the United States Light & Heating Company of Maine; bonds of the defendant U. S. Light & Heat Corporation, and the proceeds of such as were sold together with the common and preferred stock of this Company allotted to the said defendants by virtue of the direction to cause the same to be issued to them or their nominees by the defendant, U. S. Light & Heat Corporation, were all received

and held by them in trust for the following purposes: (1) to pay therefrom the creditors and the costs of receivership of the United States Light & Heating Company of Maine, (2) to deliver pursuant to the terms of the reorganization agreement to the depositing stockholders of the said company certificates of said stock, common and preferred, in accordance with the terms of the plan of reorganization, and (3) to pay the expenses of said defendants as such Stockholders' Protective Committee including their fair and reasonable compensation thereupon, and (4) to pay and deliver any balance of said cash or stock or the proceeds thereof if sold then remaining unto the defendant U. S. Light & Heat Corporation, and it is further

"Adjudged that Ashbel P. Fitch, Esq., of 32 Nassau St., is hereby appointed Referee as auditor of the account of the defendants Walston H. Brown, Crawford Livingston, Charles R. Dalgleish, and Herbert V. Falk as such trustees as aforesaid to receive, take, and state the same and hear objections thereto if any there be, with full power to prescribe the time and mode of filing the same with him and report to the Court his conclusions thereof."

The referee appointed by the interlocutory judgment took the accounts, and it appeared upon the accounting that of the preferred stock of the new corporation the individuals comprising the stockholders' protective committee received the following shares: Crawford Livingston, 500 shares; Walston H. Brown, 500 shares; H. V. Falk, 1,500 shares; A. N. Parlin, 500 shares; Charles R. Dalgleish, 500 shares; and that said individual committeemen received under said resolution common stock of the corporation as follows: Crawford Livingston, 5,000 shares; Walston H. Brown, 5,000 shares; A. N. Parlin, 5,000 shares; H. V. Falk, 7,500 shares; C. R. Dalgleish, 5,000 shares. The referee appointed by the interlocutory judgment found that the preferred stock appropriated by the individual defendants as aforesaid could have been purchased by the defendant United States Light and Heat Corporation within a reasonable time after August 31, 1915, the day on which it was appropriated, for $5.56 per share, and the common stock for $4.96 and a fraction per share; and that the whole of the stock so appropriated by the committeemen could have been purchased within a reasonable time after August 31, 1915, for $157,267.50. The referee also found that some of the individual defendants had sold some of the said stock so appropriated to them after its appropriation at an advance over the value of said stock at the time of its appropriation, and that some of the individual defendants sold some of the common stock so appropriated after a reasonable time after its appropriation when the market for such stock had greatly declined; and the referee

held that the individual defendants should be charged therefor such sum as represented the difference between the price for which said stock could have been purchased within a reasonable time after its appropriation and the price at which said stock was subsequently sold by the said defendants. The referee also found that the total amount of cash actually received by the individual defendants for such stock as was so sold by them amounted to $102,875; that some of the individual defendants have retained some of the said stock, both common and preferred, so appropriated by them as aforesaid; that the total cash value of said stock so retained amounts to $47,426. The referee charged the individual defendants with a total of $157,267.50. The referee also found that the fair and reasonable compensation of the stockholders' protective committee, and which they should receive in cash for services rendered by them, was the sum of $35,000; and that the appropriation of the stock of the defendant United States Light and Heat Corporation by the individual defendants was pursuant to the joint act and determination of all of the members of said committee and was the result of co-operation between them. As conclusions of law the referee found that the defendants Brown, Livingston, Parlin, Dalgleish and Falk were jointly and severally liable unto the United States Light and Heat Corporation for any and all sums of money with which they are surcharged, with interest from August 31, 1915; and that the said defendants should be surcharged with the sum of $157,267.50, and credited with the said sum of $35,000 found by the referee as their due for services rendered; and that the defendant United States Light and Heat Corporation should have judgment against such of the individual defendants as had been served with process in the action, to wit, Walston H. Brown, Crawford Livingston, Charles R. Dalgleish and Herbert V. Falk, for the sum of $122,267.50, with interest from August 31, 1915, to the day of the date of the report of the referee, to wit, $64,800.57, amounting in all to $187,068.07; and that the same should be entered accordingly. The report of the referee appointed by the interlocutory judgment was confirmed and judgment thereon was entered and docketed. Subsequently an agreement was made with the judgment creditor whereby its interest in said judgment may be extinguished by the payment of $125,000, with interest at the rate of six per cent per annum from February 1, 1925, on all portions thereof not paid on said date.

The controversy between the parties herein is as to the basis for computing the amount which each ought to contribute to the said sum of $125,000, besides interest. Execution upon the judgment aforesaid has been returned wholly unsatisfied as against Walston

H. Brown. Albert N. Parlin, one of the members of the stock-holders' committee, was never served with process in the suit because not within the jurisdiction. It is, therefore, agreed that the amounts which should be contributed must be made up by the three parties to this submission, namely, by the plaintiffs, as executors of the estate of Crawford Livingston, deceased, and by the defendants Falk and Dalgleish. Judgment is demanded herein declaring the rights and liabilities of the parties to this controversy, as between themselves, and the basis for computing the amounts in which said parties hereto ought severally to participate in the payment of the sum of $125,000, *first,* on the assumption that all five of the defendants are participating, and, *second,* on the assumption that the three parties to this submission must participate not only in the amount of their own just shares, but must make up amongst themselves the deficit arising out of the inability to secure participation in the aforementioned settlement by Walston H. Brown, and the failure of the plaintiff in the accounting action to serve Albert N. Parlin with process. Costs in the present action are expressly waived by the parties. The facts clearly appear from the submission executed by the parties and outlined as above. The parties to this submission have been compelled to satisfy the judgment creditor United States Light and Heat Corporation by payment to it of the lump sum of $125,000, with interest. The question is: In what proportion shall the parties contribute equitably to the fund required to satisfy said judgment? The resolution whereby the committeemen received compensation for their services was adopted in good faith, each member of the committee believing that the amount received by each under said resolution fairly represented the value of the services rendered by each. After the adoption of said resolution each member of the committee received the amount of stock provided by the resolution, both preferred and common. As soon as each member of the committee received his stock he sold it or otherwise dealt with it as his own and as he pleased, each member of the committee dealing with the stock received by him as he saw fit and independently of his fellows. It appears that the defendant Falk, acting promptly, disposed of his shares at a price considerably more than the value of the stock at the time it was turned over, as found by the referee, whereas the plaintiffs' testator and the defendant Dalgleish held a large part of the stock awarded to each of them until the price therefor had depreciated, and that a considerable portion of said stock is still held by them, the present value being much less than could have been obtained had said committeemen disposed of their stock in the United States Light and Heat Corporation within a reasonable

time after receiving the same. As a basis for surcharging the committee with the excess of compensation which they received under the resolution, the learned referee took into account the amount received by the members of the committee on the sale of the shares owned by said committeemen and the value of the stock still unsold, and reached the conclusion that the defendants in the stockholders' action should be surcharged with the sum of $157,267.50, and credited with the sum of $35,000, the value of the services rendered by said committeemen, leaving a balance of $122,267.50.

It is the contention of the plaintiffs and of the defendant Dalgleish that the defendant Falk should contribute to the fund required to satisfy said judgment in the proportion of the amount received by him in disposing of his stock, and that each member (the plaintiffs representing Crawford Livingston, the deceased member) should participate in direct proportion to the sum that each was charged by the referee in computing the total amount of the joint and several liabilities of the members of the committee. As a matter of fact, the individual members of the committee were not charged by the referee, but the committee as a whole was charged with the excessive amount of stock of the new corporation received by the committeemen. We are of the opinion that the contention of the plaintiffs and of the defendant Dalgleish would be most inequitable, and that in equity and good conscience between the members of the committee, all they should be required to do is to return that which they received and at the rate and in the proportion received by each. It appears that following the delivery to the committee of the shares of stock awarded to each by the resolution, the shares fluctuated widely in the market, said shares sometimes advancing in market value from two or three dollars per share to six or seven dollars per share, and that the market then rapidly declined. The defendant Falk disposed of his shares at a high market price, and at a large profit over the value of the shares when he received them. The other parties failed to take advantage of market conditions and have held a considerable portion of their stock until the value is much less than could have been received had they sold within a reasonable time after receiving their shares. They are now asking to share in the foresight and diligence of the defendant Falk and to compel him to contribute proportionately of the amount which he received for his stock and to stand the loss sustained as the result of their lack of foresight and judgment. Had the entire stockholdings received by the individual members of the committee been kept in a fund for the joint benefit of the committee, a different situation would be presented, but immediately upon the shares being awarded to the individual members

of the committee in payment for the services rendered by each, said shares became the property of each and were treated as such by the individual members. It seems to us, as between the members of the committee, no one of them had any right to share in any way in the profits received by any other member. In principle, the situation presented upon this submission is like that in *Cheesebrough* v. *Millard* (1 Johns. Ch. 409) in which, under very analogous circumstances, Chancellor KENT held that the rule of contribution between parties was the actual value of the property received, and that such value was to be ascertained by the testimony of witnesses in preference to estimating it by the price at which certain lots of real property were respectively purchased at sheriff's sale. Chancellor KENT held in that case that the price at which the lots were purchased at sheriff's sale was by no means a sure and certain test of their value. Chancellor KENT said: " I see no good reason why we should depart from the better standard, and adopt this precarious one, which is liable to constant variation, and must depend, in a great measure, upon contingencies."

In *Cheesebrough* v. *Millard* there were persons jointly liable in respect of that which they received. There was a dispute among them as to the rule which should be adopted with reference to contribution to discharge their liability, and the decision held that the participants must contribute according to the actual value of what they took. The purchaser at the sheriff's sale asked to be permitted to contribute in accordance with the cheap price at which he bid in the property, but Chancellor KENT held that equitably he must contribute at the actual value of what he received. We think that equitably, under the facts submitted to us, each party must contribute according to the actual value of that which he received out of the common fund. The referee found that the actual value of the preferred stock at that time was five dollars and fifty-six cents per share, and that the actual value of the common stock was four dollars and ninety-six cents and a fraction per share. The number of shares received by each party is conceded, and it is a mere matter of computation to determine what each should contribute; and the same rule should be applied by the three members of the committee represented on this submission as to the insolvent member of the committee and as to the committeeman upon whom service has not been had and who is not within the jurisdiction of the court.

Judgment should be rendered accordingly, without costs.

CLARKE, P. J., DOWLING, McAVOY and WAGNER, JJ., concur.

Judgment directed as indicated in opinion. Settle order on notice.