REEL ET AL. *v.* COMBES ET AL.

*Contribution—Equitable principle founded upon equalization of burdens and benefit—Contribution by cosurety where implied assumpsit exists to pay proportionate loss—Rules of contribution inapplicable to insolvent cosureties on note, when—Cosureties on note cannot compel contribution where proceeds partially paid them—Entire transaction considered in determining contribution among cosureties upon judgment note.*

1. Contribution is not founded on contract, but is the result of general principles of equity, which are based upon equalization of burdens and benefits.
2. Where there is raised an implied assumpsit on the part of a cosurety to pay his proportion of the loss resulting

from a concurrent liability to pay a common indebtedness, the law of equitable obligation to contribute to such payment applies.

3. Where some of the cosureties on a note had become insolvent, such insolvency rendered the ordinary rules of contribution by cosureties to the payment of the judgment rendered against them on the note ineffective as to such insolvent cosureties.

4. Where a part of the cosureties on a note were forced to pay judgment on such note, they could not compel contribution for the payment of such judgment from the other cosureties to the extent that the proceeds obtained by the giving of the note had been used by the principal to cancel the principal's indebtedness to plaintiff cosureties.

5. In an action by cosureties on corporation's note for contribution from other cosureties to pay the judgment obtained against the plaintiffs, for the purpose of fixing the liability as between the parties themselves, the entire transaction to determine rights and equities could be looked into.

(Decided May 2, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Boyd, Cannon, Brooks & Wickham,* and *Mr. W. O. Chappell,* for plaintiffs in error.
*Mr. Harvey E. Elliott,* for defendants in error.

SULLIVAN, P. J. This is a proceeding in error from the court of common pleas of Cuyahoga county, and it is sought to reverse the judgment of the court below upon a question of law and fact. The question involved pertains to the right to recover, by way of contribution, certain proportionate shares of a judgment of some $14,000 recovered in the court below by the defendants in error, H. A. Combes, U. R. Wagner, W. Cochran, A. L. Cochran.

and H. T. Buss, plaintiffs there, against the plaintiffs in error, Frank Rell and D. J. Blakemore, defendants below. The judgment of the court below, based upon the theory of contribution as it is known to the law, is as follows:

"It is therefore considered, ordered, and adjudged: That the plaintiff H. A. Combes have and recover from the defendant D. J. Blakemore the sum of $581.62, together with interest thereon at the rate of 6 per cent. from the 1st day of the September term of this court, 1925. That the plaintiff H. A. Combes have and recover from the defendant Frank Rell the sum of $581.62, together with interest thereon at the rate of 6 per cent. from the 1st day of September, 1925, term of this court. That the plaintiff U. R. Wagner have and recover from the defendant D. J. Blakemore the sum of $2,924.53, with interest thereon at the rate of 6 per cent. from the 1st day of September, 1925, term of this court. That the plaintiff U. R. Wagner have and recover from the defendant Frank Rell the sum of $2,924.53, together with interest thereon at the rate of 6 per cent. from the 1st day of September, 1925, term of this court. That the defendants, D. J. Blakemore and Frank Rell, pay the costs of this action, taxed in the sum of $——. That for all the foregoing judgment is hereby rendered in favor of said plaintiffs against said defendants in several sums together with their costs. To all of which defendants each separately except."

It is well, before considering the case, to examine the decisions of our court relative to the principle involved, which is known to the law as recovery by way of contribution.

In *Russell* v. *Failor*, 1 Ohio St., 327, 329, 59 Am. Dec., 631, we find the proposition laid down that contribution is not founded upon contract, but is the result of general principles of equity, which are based upon the equalization of burdens and benefits. This principle is founded in the common law. This equitable obligation to contribute is unchallenged in the law, where there is raised an implied assumpsit on the part of the cosurety to pay his proportion of the loss resulting from a concurrent liability to pay a common indebtedness. Thus it becomes a matter for determination by a court of equity, and the rule governing the courts, well established in all jurisdictions, is that recovery by way of contribution depends upon proportion of liability and benefit. Contribution in law is the equalization in a proportionate sense of the obligation incurred and the benefit received. We quote from *Russell* v. *Failor, supra,* as follows:

"The right of contribution among sureties is founded, not in the contract of suretyship, but is the result of a general principle of equity which equalizes burdens and benefits. The common law has adopted and given effect to this equitable principle, on which a surety is entitled to contribution from his cosurety. This equitable obligation to contribute having been established, the law raises an implied assumpsit on the part of the cosurety to pay his share of the loss, resulting from a concurrent liability to pay a common debt. This jurisdiction, by an action at law, is therefore resorted to, when the case is not complicated; and the more extensive and efficient aid of a court of equity is thus rendered unnecessary."

Contribution is founded upon the established

principles of natural justice, and does not spring from contract. *Dering* v. *Earl of Winchelsea,* 1 Cox, 318, 29 Eng. Reports Rep., 1184.

In *Dysart* v. *Crow,* 170 Mo., 275, 70 S. W., 689, the doctrine is laid down that contribution arises from the application of the principles of equity applied to the condition in which parties are found, in consequence of some of them having done more than their share in performing the common obligation.

"The doctrine of contribution rests on the principle, that when the parties stand in *equali jure,* the law requires equality which is equity, and one of them shall not be obliged to bear the burden in ease of the rest. It is founded, not on contract, but on the principle that equality of burden as to common right, is equity. And the obligation to contribute arises from the nature of the relation between the parties. *Campbell* v. *Mesier,* 4 Johns. Ch., (N. Y.), 334 [8 Am. Dec., 570]. * * * The claim for contribution certainly has its foundation in the clearest principles of natural justice, * * * since no one ought to profit by another's loss where he himself has incurred a like liability." *Aspinwall* v. *Sacchi,* 57 N. Y., 331.

In order to show the universal applicability of these elements in the law of contribution, we also quote from Childs on Suretyship, p. 364:

"An accommodation party to a negotiable instrument is one who has become such, without recompense, for the purpose of lending his credit. The person for whose particular advantage the credit is loaned is known as the accommodated party. The accommodation party, as well as the accommodated party, may occupy any position on

the instrument, as maker, payee, drawer, acceptor, or indorser, the primary liability depending upon the one receiving the benefit."

And in 6 Ruling Case Law, p. 1038, it is said:

"Where there was a benefit to accrue to the contractors, the loss to be borne is according to the benefit received. So, where three persons borrow money jointly, but appropriate individually unequal sums, the benefit to each is according to the amount appropriated by each; and if one becomes insolvent, the other two should bear the loss in proportion to the sum employed by each for his own use."

We also cite *Yates* v. *Donaldson,* 5 Md., 389, 61 Am. Dec., 283; *Harris* v. *Brooks,* 21 Pick., (Mass.), 195, 32 Am. Dec., 254; *Green* v. *Anderson,* 43 S. W., 195, 19 Ky. Law Rep., 1187; *Kincaid* v. *Hocker,* 7 J. J. Marsh (30 Ky.), 333; *Wheeler's Estate,* 1 Md. Ch., 80.

Bearing these authorities in mind we shall discuss the record, with Combes and Wagner as the real plaintiff's below, and Rell and Blakemore as the real defendants, against which two the judgments were rendered, for it appears from an examination of the record that the remaining defendants in error were insolvent, and therefore, under the authorities, would be eliminated from the application of the principle of contribution.

It appears from the record that a corporation known as the Union Coal Stripping & Mining Company, engaged in mining and selling coal, owned lands in Belmont county, Ohio, in 1921 and 1922. The corporation had dealings with the Citizens' National Bank of Washington, Pa., in the course of its business, and was indebted to the bank on a

promissory note of $25,000, signed by most of the directors, but not by the plaintiffs in error Rell and Blakemore, the two solvent defendants below, as they were not directors of the coal corporation at that time. This note was executed by Combes, Wagner, both of the Cochrans, and Buss, and was payable to the Citizens' National Bank of Washington, Pa. The note became due November 30, 1921, and at this time the coal company was unable to pay the note, and Combes, chairman of the board, early in 1922, paid on this note the sum of $10,000, and the defendant below, Blakemore, not a signatory to the note, early in 1922 paid amounts aggregating $2,250. On August 1, 1922, the plaintiff Wagner paid $5,000 which was applied on the note, and at the same time took the note of the coal company for the same sum, without any other security. Wagner, on June 1, 1922, loaned the company $4,000 for general expenses, taking at that time a note for $10,000 from the directors personally, on which note at the same time $6,000 was indorsed as paid. Thereupon Combes and Wagner sought to recoup themselves for the payment of above sums from the coal company, but it was in such a serious financial condition that the sums advanced could not be paid in that way. It is claimed that on or about November 30, 1921, the board of directors of the coal company informally agreed that, if any director would make any payments on the note referred to, he would be protected by the others who were liable upon it. Rell and Blakemore were not, as before stated, on the note.

While this status existed, A. L. Cochran, the secretary and general manager of the coal company, arranged for the negotiation of a loan of

$15,000 to the coal company by the Dollar Savings Bank at St. Clairsville, Ohio, but the bank insisted that, on account of the weak condition of the coal company, it would only loan the money on the joint and several liability of the directors of the coal company. The $15,000 was secured in this way, and the money after discount paid into the treasury of the coal company. Thereupon $7,500 of the proceeds of the note were paid over to Combes, and $5,000 to Wagner, and the remainder of the proceeds was left in the treasury of the coal company to be used for general purposes. Blakemore had given $2,250, as before stated, to be applied on the note of $25,000, but no part of this sum was repaid to him, and he was one of the defendants below against whom judgment was rendered in the case we have here.

There is credible evidence in the record that this note of $15,000 was signed by Rell on the representation that the money secured was to be used to make out the payroll of the company, in order to avoid high rates of interest for money advanced by the bank. This note for $15,000 fell due in six months, and then and thereupon the company paid $1,000 and interest, and a renewal for a further six months was executed. There is credible evidence in the record that Blakemore signed the renewal with all the others, on the assurance that it would prevent the bank from suing on the note. This renewal note not being paid, a cognovit judgment against all the plaintiffs and defendants was taken by the St. Clairsville Bank, and on that judgment Buss paid $1,000, Wagner paid $8,587.87, and Combes paid $4,291.33.

Thereupon action was begun by Combes and

Wagner, and the others, against Rell and Blakemore, to force contribution from them towards the payments made by Combes and Wagner, and the court below finding in favor of Combes and Wagner assessed one-fourth of the total sum to be paid against Rell and Blakemore, holding the Cochrans and Buss to be insolvent. And in our judgment the evidence brought out the finding as to insolvency, as before stated.

From an examination of the record, and keeping in mind the above authorities cited, we believe that the court erred in holding that Blakemore and Rell were obligated in law for the repayment of the sums received from the proceeds of the original St. Clairsville note by Combes and Wagner. It appears clear to the court, from the record, that the St. Clairsville note of $15,000 was executed in the main for the purpose of paying in whole or in part the indebtedness of the coal company to Combes and Wagner. This payment out of the proceeds of the St. Clairsville note is conclusive as to the purpose and intent of the execution of the note. The St. Clairsville Bank discounted this note and gave the proceeds to the coal company, and out of such proceeds the payments were made to Combes and Wagner. Rell and Blakemore were instrumentalities by which Combes and Wagner were made whole on their previous loan, and, while such payments reduced the indebtedness of the coal company, yet the prime object, in our judgment, was to prefer the indebtedness of the coal company to Combes and Wagner at a time when the affairs of the company were critical.

Upon what theory of equity should Rell and Blakemore contribute to Combes and Wagner any

portion of these sums which canceled, to the extent of the amount received, the indebtedness of the coal company to Combes and Wagner? In this connection it is well to note that there was $1,000 of this indebtedness paid by the company and another $1,000 paid by Buss, and these sums stand in the same relation that the $12,500 plus stood, when it comes to the question of the right to compel Rell and Blakemore to make contribution to Combes and Wagner. There was no obligation on the part of Rell and Blakemore to assume the indebtedness due from the coal company to Combes and Wagner, and certainly no liability against them, because Combes and Wagner substantially shared in the proceeds of the discounted St. Clairsville note, and certainly under the law of contribution Rell and Blakemore could only be held on the surplus of the proceeds of the $15,000 note over and beyond the amounts received by Combes and Wagner to apply on their indebtedness, and the further amount of $2,000 noted above.

One of the purposes of the $15,000 loan from the St. Clairsville Bank was undoubtedly to repay Wagner's $4,000 loan, and, if we are correct in this, and the evidence supports us, then Blakemore and Rell should be held for contribution for their proportionate share of the $4,000.

The holding that defendants below had the right to go into the entire transaction in order to fix the relationship and liability between the parties is correct. We quote from *Oldham* v. *Broom*, 28 Ohio St., 41, as follows:

"In an action for contribution, and in the absence of any contract in writing fixing such relation and liability between accommodation parties to a note,

parol evidence is admissible to show the real nature of the transaction.''

We also quote *Paulin* v. *Kaighn*, 27 N. J. Law, 503:

''The rule seems well settled that, in an action brought by the surety against the principal for indemnity, or by one surety against another for contribution, the real situation and responsibility of the parties may be shown by parol evidence in an action at law.''

It is difficult to come to any other conclusion in this case than that the borrowing of the $15,000 from the St. Clairsville Bank was primarily for the purpose of paying off, as far as possible, the indebtedness of the coal company to Combes and Wagner, and, as to the amounts which they received, the defendants below, Rell and Blakemore, were simply instrumentalities by which this object was accomplished.

Holding these views, the judgment of the lower court is hereby modified so as to conform with the theory of the law as outlined in this opinion. As so modified, the judgment of the common pleas court is affirmed.

*Judgment modified and affirmed.*

VICKERY and LEVINE, JJ., concur.