DAVIS, administrator, *v.* PERKINS *et al.; et vice versa.*

196

Nos. 9741, 9742.   January 11, 1934.

*R. S. Wimberly*, for plaintiff.

*Felton & Felton* and *G. Y. Harrell*, for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) The Civil Code (1910), § 4588, declares: "In cases of joint, or of joint and several, or of several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction." Section 3654 of the Code applies solely to sureties, and therefore has no application in this case, as it appears from the pleadings that both parties concede that Davis and Perkins are joint obligors, jointly liable for the original debt to Farmers State Bank. Paragraphs 1 and 3 of the demurrer which the judge sustained, thereby dismissing the petition, are as follows: "1. Because there is no equity in the bill. 3. Because it is admitted in paragraph two of the first amendment that of the original consideration of the note sued on the plaintiff's intestate received the sum of $10,000 and W. B. Perkins received $500, and it elsewhere appears in the record that plaintiff's intestate paid on the execution 7/20/29 the sum of $12,962.82, and that W. B. Perkins has paid thereon 10/22/27 $377.15, and 4/22/29 $2000, and in view of the admitted benefits received, the plaintiff is not entitled to the contribution sought." By the ruling of the court the question is

clearly presented whether the ordinary rule, which requires that all joint obligors must contribute equally to the payment of a joint obligation (except in cases where some of them may have become insolvent), is applicable, or whether the contribution of each of the joint obligors, upon the highest equitable principles, shall be required to take into account the respective benefits accruing to each joint obligor which accrued or resulted to him from the proceeds of the transaction in which the indebtedness was created. In this case it appears from the petition that at the time the Bank of Lumpkin failed John N. Davis, plaintiff's intestate, was the owner of 5 shares of stock of the bank, and W. B. Perkins was also the owner of 5 shares of stock in the bank. The purpose of all the parties in borrowing the money from Farmers State Bank was to prevent the bank being liquidated by the State superintendent of banks, and thus to evade any possible assessment upon the stockholders. At the time that the indebtedness evidenced by the notes to Farmers State Bank was created, Perkins had on deposit in Bank of Lumpkin $500. Davis had $10,000 on deposit. In other words, as a consideration of the notes Perkins received $500 and Davis $10,000, in addition to the release from liability upon the stock of each to which we have referred. It seems that the approximate liability of each of the signers of the note would have been about $7500. Davis, having received something like $2500 more than his proportionate share, is not in a position to assert any right to contribution. So the judgment of dismissal on the ground that there is no equity in the petition must be sustained. In this view of the case it is unnecessary to discuss the smaller payments made by Perkins; for this is not a matter of concern to the plaintiff. The third ground of demurrer states the reason for the first ground, to the effect that there is no equity in the petition. The precise point has not heretofore been presented to this court, but the doctrine is well supported by such authorities as Lorimer v. Knack, 246 Mich. 214 (224 N. W. 362) ; Owen v. McGehee, 61 Ala. 440; Reel v. Combes, 25 Ohio App. 476 (159 N. E. 133) ; Livingston v. Faulk, 217 App. Div. 360 (217 N. Y. Supp. 131). The principle is in accordance with the fundamentals of equitable jurisdiction. No point is raised as to the appropriation of the deposits either of Perkins or Davis; and so it must be concluded from the allegations and prayers of the petition that the payment of the $12,962.82 in behalf of Davis was

with his knowledge and consent, or was ratified by him or by his original administrator, E. E. Humber. To appropriate, in the common acceptation of that term, means to deprive or take away from one to whom a chattel belongs, and to devote it to the exclusive use and benefit of him who appropriates it. But the allegation of the petition in the instant case, in referring to the payment of $12,-962.82, and especially in making that payment the basis of the prayer for contribution, is tantamount to an admission that the payment was authorized by Davis, or ratified by him or his legal representative. The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Hill, J., absent because of illness.*