James F. Niehoff, J.
This is an action in which plaintiff seeks contribution in the amount of $4,090 upon the ground that he has paid that much more than his proportionate share of a Supreme Court judgment 'entered against plaintiff and defendant.
Briefly, the complaint alleges the following:
On or about October 6, 1966, Elaine Products, Inc., entered a judgment against .plaintiff and defendant in the sum of $12,022 in the ¡Supreme Court, County of Queens. Thereafter, plaintiff entered into a stipulation with the judgment creditor whereby plaintiff agreed to satisfy the said judgment by making payments in the weekly sum of $100 until the judgment was satisfied. Pursuant to such stipulation plaintiff has paid $10,880 towards the satisfaction of said judgment, whereas defendant has only paid the sum of $2,700 towards satisfaction of the judgment.
The complaint goes on to say that the total payments made by both plaintiff and defendant in satisfying the said judgment amount to $13,580; that as between plaintiff and defendant, the defendant’s prorata share of the judgment was $6,790; that because of the fact that plaintiff has paid the sum of $10,880 in satisfaction of said judgment, the plaintiff has paid $4,090 more than his prorata share of the judgment; and that as a consequence thereof there is due and owing to plaintiff from defendant the sum of $4,090, with interest.
The present motion is one by plaintiff for an order pursuant to CPLR 3212 granting summary judgment in favor of the plaintiff and against the defendant on the ground that defendant’s answer raises no triable issues of fact with respect to plaintiff’s complaint, and that the defendant’s answer alleges no defense to the complaint.
Defendant’s answer admits that following the commencement of the instant action defendant learned of the entry of a judgment by Elaine Products Co. Inc. against plaintiff and defendant herein, and admits that he (defendant) paid $2,700 towards satisfaction of the judgment, but otherwise either denies the allegations of the complaint or denies knowledge or information sufficient to form a belief with respect thereto. In addition, the answer pleads an affirmative defense as follows:
*106 On or about May 27,1966, plaintiff entered into an agreement with Blaine Products Co. Inc. whereby in return for the plaintiff’s retaining certain fixtures and trade equipment Elaine would accept $7,600 in payment of their obligation (i.e., the obligation of plaintiff and defendant to Elaine) and that in furtherance of said agreement defendant agreed to pay $2,700 in full satisfaction and settlement of Elaine’s claim against him; that plaintiff defaulted in his agreement with Elaine but that defendant has paid to Elaine the sum of $2,700 as agreed; that the judgment by Elaine as against the defendant has been satisfied, and that there are no moneys due and owing by defendant to plaintiff on account of said judgment.
In support of his defense defendant has submitted an affidavit, a copy of the agreement of settlement alluded to in the affirmative defense, and a copy of the satisfaction of judgment running from Elaine Products Co. Inc. to defendant.
From the affidavit it appears that plaintiff and defendant were stockholders in a corporation known as Willowbroolc Restaurant Corp., which operated a restaurant in Baldwin, New York. Elaine Products Co. Inc., the judgment creditor sold goods, wares and merchandise to the restaurant upon which personal guarantees of plaintiff and defendant were given. Thereafter, defendant resigned from the corporation and severed his connection therewith. Subsequent thereto a written stipulation of settlement of the claim of Elaine Products Co. Inc. was prepared and signed by plaintiff herein.
The stipulation of settlement, dated May 27, 1966, contains an admission of “ the indebtedness to the plaintiff (Elaine) in the amount of $10,851.72, and that this is a just debt due and owing to the plaintiff (Elaine) ”. The stipulation then recites that the action is settled with Simon Newman, Jr. (plaintiff herein) for the sum of $7,600 and the terms for the payment of said sum are set forth.
Defendant asserts that by an oral arrangement made simultaneously with said stipulation of settlement, he was to pay Elaine $2,700, and that the “ difference in the amount of payment due to Elaine Products Co. Inc. came about because of the fact that Simon Newman, Jr. retained the goods, wares and merchandise that were sold by Elaine Products Co. Inc.”
The judgment by Elaine against plaintiff and defendant herein was for $10,'851.72 plus costs and disbursements totaling in all $12,022.04 and appears to have been entered on October 6, 1966.
*107 The satisfaction of judgment which defendant received from Elaine is dated April 26,1968, and recites payment by defendant to Elaine of the sum of $2,700. It reserves Elaine’s rights against Simon Newman, Jr., plaintiff herein.
Plaintiff argues that the affirmative defense lacks merit and that, as a matter of law, the affirmative defense is no defense to an action for contribution. It is plaintiff’s position that prior to the entry of judgment settlement negotiations were had but were never consummated and that no contract was made for the compromise of Elaine’s claim; that even if there was, it is no defense to the instant action because a judgment was subsequently entered against both parties herein; and that if defendant has a claim for breach of contract by plaintiff, he has the right to commence a separate action to recover damages for breach of contract or, in the alternative, he could have interposed a counterclaim in this action.
The general rule is that one who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation upon which several persons are equally liable, or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares (see Asylum of St. Vincent de Paul v. McGuire, 239 N. Y. 375). The right to contribution is not dependent on contract, joint action, or the original relationship between the parties. Bather, it is based on principles of fundamental justice and equity, which require that those who voluntarily assume a common burden shall bear it in equal proportions and one party shall not be subject to bear more than his just share to the advantage of his co-obligors. Of course, ‘ ‘ where inequality of benefits or interests between co-obligors appears, it may destroy the equality of contribution among them”. (10 N. Y. Jur., Contribution, § 12; see, also, Livingston v. Falk, 217 App. Div. 360.)
In the case at bar, defendant claims that plaintiff and he agreed to pay the judgment creditor, Elaine Products, Inc., different sums of money in discharge of their common obligation by reason of the fact that plaintiff retained the goods, wares and merchandise that were sold by Elaine. If it be true that plaintiff retained property upon which the parties’ common obligation to Elaine rested — and there is no disclaimer of such fact by plaintiff — it follows that the equality of contribution between plaintiff and defendant has been destroyed. Certainly, in an action such as this based upon principles of fundamental *108 justice and equity plaintiff may not retain all or part of the property which gave rise to the parties ’ common obligation to Elaine and, at the same time, seek equality of contribution from his co-obligor.
In Livingston v. Falk (supra), three out of five members of a committee, upon reorganizing a corporation, voted themselves certain stock of the reorganized corporation. The reorganized corporation obtained a judgment against them in favor of the corporation for an accounting of such stock. The Appellate Division held that the members of the committee must contribute to the payment of the judgment on the basis of the actual value of what each one received out of the common fund.
1S0, here, although plaintiff may be entitled to contribution from defendant, inasmuch as the satisfaction of judgment given to defendant by Elaine cannot impair or prejudice plaintiff’s right of contribution, the extent of such contribution, if any, must await a trial at which plaintiff should be charged with the value of such property as he retained.
Accordingly, the plaintiff’s motion for summary judgment is denied.