RICHARD W. TURNER, plaintiff in error, *vs.* THOMPSON, KENDRICK, & Co., defendants in error.

[1.] A suit at law will not lie on a draft at the instance of the acceptors against the drawers, still it may be set out by way of inducement to the action.

[2.] Sunday is not to be counted as one of the five days allowed the Sheriff for serving writs.

Complaint in Webster. Decision by Judge KIDDOO, April, 1857.

This was an action by Thompson, Kendrick & Co. against Sampson Bell, executor of G. B. Swinney, deceased, and Richard W. Turner, survivor and joint promissor.

The declaration alleges that defendants were indebted to plaintiffs one thousand dollars, and interest and fees of protest, upon a draft drawn by Swinney and Turner upon plaintiffs, and accepted and paid by them as accommodation acceptors.

At the appearance Term, defendant moved to dismiss the action upon the following grounds:

1st. Because an acceptor of a draft who has paid the same, cannot maintain a suit against the drawer, the same appearing by the declaration to be paid.

2d. Because the acceptors are principals and not accommodation acceptors, and cannot, after paying the draft, bring suit thereon.

3d. That the declaration was not served in the time prescribed by law, and therefore, there was no legal service.

The Court refused the motion, and defendants except.

McCoy & HAWKINS, for plaintiffs in error.

TUCKER & BEALL, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This complaint was brought under Jones' forms; the plaintiffs alleging that they paid the draft of the defendants, *supra* protest, as *accommodation* acceptors, and they annex a copy of the instrument. It is true, the draft of itself is not and cannot be, under the law, the foundation of an action between these parties. Still, whether the plaintiffs sue at common law, or under the Act of 1847, the draft would have to be set out as inducement to the action. That having been done, and sufficient accounts made to charge the defendants with the repayment of the money, why should the writ not be maintained? We must steadily resist the attempts to whittle away this Act till nothing of it be left, as was the case with the judiciary Act of 1799.

[2.] Whether the service was sufficient, depends entirely upon whether or not, when the Sheriff has five days to serve writs, and the last be Sunday, it is to be counted.

Not only the Constitution of the United States recognizes the Christian Sabbath, by exempting the President from the consideration of bills on that day, but by many of our own statute laws the day is protected from secular desecration. And again, by authorizing certain civil proceedings to be had on that day, when necessity requires it, the inference is legitimate that, as to other cases, it is *dies non.*

Under these circumstances, it would ill become this tribunal to require of the Sheriff and his deputies to be hovering around meeting houses, and violating the rest and sanctity of the domestic hearth, to serve process. Let our over-worked people and public officers be exempt on one day of the seven, from the toils and harassments of worldly business.

Judgment affirmed.