18567. TURNER *v.* TURNER, by next friend.

SUBMITTED APRIL 13, 1954—DECIDED MAY 11, 1954.

*J. T. Thomasson, James T. Thomasson, Jr.,* for plaintiff in error.

*Joseph C. Jackson,* contra.

ALMAND, Justice. The judgment here under review is one overruling a general demurrer to a petition seeking equitable relief. Elizabeth Ann Turner, by next friend, filed a petition against Mrs. Helen Catherine Turner, individually and as administratrix of the estate of L. D. Turner, in which she alleged in substance: She was the sole child of L. D. Turner, who died in 1948 leaving a described tract of real estate in excess of the value of $9,500; the defendant was the widow of the deceased, and since October 1951 has been the duly appointed and legally qualified administratrix of his estate. The defendant as administratrix has refused to file any inventory or appraisement of the estate in the court of ordinary, has neglected to distribute

said estate, of which petitioner is entitled to one-half as a distributee, and has failed to collect the rents and profits thereof, and refuses to account for the same. The estate is in danger of irreparable injury and loss by reason of the defendant's neglect and failure to administer or protect its interests, and is in danger of injury and loss if the defendant continues to act as administratrix. There is no necessity for keeping the estate intact; the defendant is guilty of mismanagement of said estate, by failing to keep the same in repair and causing it to diminish in value, with loss and injury to the petitioner. Said estate is not of the value as at the death of the deceased. The defendant is claiming adversely to the rights of the plaintiff, by claiming the entire estate, and is threatening to dispose of the realty. The plaintiff, before the estate is settled and distributed, is entitled to $1,740 by reason of a judgment for alimony for her support, rendered against her deceased father prior to his death, upon which judgment execution has issued, and she is entitled to the satisfaction of said execution out of the estate. The prayers of the petition were: (a) that a court of equity intervene and assume jurisdiction of the administration of said estate; (b) that the defendant be removed as administratrix and a receiver be appointed; (c) for an accounting; (d) for an order restraining the defendant from disposing of, selling, or committing waste upon the property; and (e) that the plaintiff's judgment be satisfied out of the assets of said estate.

The defendant's general demurrer, on the grounds, (a) the the petitioner has a complete and adequate remedy at law in the court of ordinary, (b) the petition shows no valid ground for interference by a court of equity, and (c) there is no equity in the petition, was overruled, and this order is here for review.

In *Hamrick* v. *Hamrick*, 206 *Ga.* 564 (58 S. E. 2d 145), we reviewed the conflict in the decisions of this court as to when and under what circumstances a court of equity has jurisdiction to interfere with the administration of estates in the court of ordinary, where there is a duly appointed and qualified administrator in charge, by requiring an accounting and settlement by the administrator at the instance of interested parties, or to assume complete jurisdiction by the appointment of a receiver. One line of decisions was based upon the ruling in *Ewing*

v. *Moses,* 50 *Ga.* 264, which appears to have held that, irrespective of the existence of adequate remedies in the court of ordinary, Code § 1600 (now § 113-2203), gives equity concurrent jurisdiction, and that a court of equity will assume jurisdiction in an action for the settlement of accounts of administrators; the other line being those cases following the rulings in *Dougherty* v. *McDougald,* 10 *Ga.* 121, *Harrup* v. *Winslet,* 37 *Ga.* 655, and *Powell* v. *Quinn,* 49 *Ga.* 523, which lay down the rule that equity will not interfere with the administration of estates in the court of ordinary unless there is danger of loss or injury to the person interested, as is now provided for in Code § 37-403. Therefore, following the older decisions, we laid down the rule in *Hamrick* v. *Hamrick,* supra, as follows: "While under Code § 113-2203 a court of equity has concurrent jurisdiction with the ordinary over the settlement of accounts of administrators, and under Code § 37-403 equity, upon the application of an interested person, will assume jurisdiction to prevent loss, yet the 1945 Constitution, art. 6, sec. 6, par. 1, vests in the ordinary jurisdiction of probate, and, hence, equity will exercise jurisdiction in such matters only when the available remedies at law are inadequate."

A close reading of the allegations of the petition in the instant case fails to show any reason why the petitioner cannot obtain in the court of ordinary all the relief to which she is entitled. It appears that the defendant is the duly appointed and qualified administratrix of the estate, and as such is subject to be removed by the ordinary for neglect to file an inventory or appraisement. Code § 113-1408. If the defendant is wasting or mismanaging the estate, or is for any reason unfit for the trust reposed in her, the plaintiff has an adequate remedy by petitioning the ordinary for her removal. Code § 113-1229. Likewise, under § 113-2201, the administratrix may be required by the ordinary to account to the petitioner.

In regard to the collection of rents, the petition alleges that the entire estate consists of real estate. In paragraph 6, the petitioner alleges that the administratrix has failed to collect the rents and profits, and fails, neglects, and refuses to account for the same. The petition in this regard fails to show any duty on the part of the defendant as administratrix to account

for rents, assuming that she collected the same, for the reason that the property involved is real estate, the title to which passed to the heirs at law upon the death of the decedent; and it is not the duty of the administratrix as such to collect rents accruing after the death of the intestate, and she is not liable to the heirs as administratrix for the amount of rents. *Hoyt* v. *Ware*, 156 *Ga.* 98 (6) (118 S. E. 734); *Ray* v. *Dooley*, 208 *Ga.* 811 (1b) (69 S. E. 2d 766).

The allegations as to danger or loss to the petitioner by reason of the acts of the defendant are general—such as, "the estate is in danger of irreparable injury and loss by the defendant's neglect and failure to administer or make any attempt to administer or make any attempt to protect the interests of said estate"; "said estate has suffered irreparable loss and injury because of defendant's failure to collect the rents and profits . . . said estate is in danger of further injury and loss therefrom if defendant is allowed to continue to act as administratrix"; "defendant is guilty of mismanagement in allowing the said real estate to deteriorate by failing to keep the same in repair"; "petitioner has suffered great loss and injury as said property is not of the value as at the death of petitioner's father"; "defendant's actions . . . have caused great financial loss to said estate"—and are insufficient to show that there is immediate danger of loss or injury to the interest of the plaintiff. Code § 37-403.

Nor does she need the intervention of a court of equity to aid her in the collection of the judgment for permanent alimony against the intestate for her support, there being adequate remedies at law for the enforcement of this judgment against the intestate's property. There is no allegation that the defendant is insolvent. The allegations that the defendant is claiming adversely to the petitioner by claiming the entire estate, and is threatening to dispose of the real estate to defeat the petitioner's share, and will dispose of the realty unless restrained, are insufficient as grounds to authorize equity to intervene, for the reason that her right to collect the judgment is secure, because the judgment is a lien against the property of the estate; and since it is alleged that the petitioner as an heir at law is entitled to one-half of the estate, even if the defendant, as an individual, should

590

attempt to sell the property, the sale would not defeat the interest of the plaintiff, either as an heir or as a judgment creditor.

The grounds of the general demurrer that the petitioner had an adequate remedy at law, and that no grounds for equitable relief were shown, should have been sustained. See, in this connection, *Beecher* v. *Carter*, 189 *Ga.* 234 (5) (5 S. E. 2d 648); *Wilcox* v. *Thomas*, 191 *Ga.* 319 (12 S. E. 2d 343); *Astin* v. *Carden*, 194 *Ga.* 758 (2a) (22 S. E. 2d 481); *Conner* v. *Yawn*, 200 *Ga.* 500 (37 S. E. 2d 541); *Hoffman* v. *Chester*, 204 *Ga.* 296 (49 S. E. 2d 760).

*Judgment reversed. All the Justices concur.*