25196. ROBERTS v. MARKIN, Executrix, et al.

SUBMITTED MAY 13, 1969—DECIDED JUNE 12, 1969.

*Harold E. Ward, E. L. Rowland,* for appellant.
*Wm. Malcolm Towson,* for appellees.

ALMAND, Presiding Justice. This is an appeal from an order dismissing, on motion, a petition seeking equitable relief.

The appellant, W. E. Roberts, brought a petition against the appellee, Mrs. Doris Markin, executrix of the last will and testament of Otto Markin, who died as a resident of the State of Maryland. He alleged in substance that: (1) The appellant (Roberts) executed in December, 1964, a deed to secure a debt in the amount of $9,500 to Otto Markin, conveying a described tract of land in Johnson County, Georgia; (2) the defendant is the executrix of the estate of Otto Markin and as such is transacting business and owns an interest in real estate in Johnson County; (3) the plaintiff is indebted to the estate by reason of the security deed; (4) the defendant, by and through her counsel, agreed to accept $6,000 in full settlement of the debt, but her counsel, W. M. Towson, defendant, a resident of Laurens County, Georgia, refuses to accept the tender; (5) the defendant

Towson, as agent of the executrix, refused to accept said tender and is now publishing a notice in a newspaper in Johnson County of her intention to foreclose on said security deed by public sale to satisfy the debt owing by the plaintiff to the estate of Otto Markin; (6) the defendant executrix has refused and continues to refuse to accept the tender of $6,000 in satisfaction of the secured debt; and (7) said foreclosure is proceeding illegally.

The prayers were: (a) that service on both defendants be perfected by publication; (b) that the defendants be enjoined temporarily and permanently from proceeding with said foreclosure, and (c) that the deed of the plaintiff to Otto Markin to secure the debt be canceled upon the payment of $6,000 to the executrix or her attorney.

On presentation of the petition, the court granted a temporary injunction and ordered that Mrs. Doris Markin, executrix, be served by publication, and that defendant Towson be served by second original.

The defendants, appearing only for the purposes of their separate motions, moved to dismiss the petition because it shows on its face a lack of jurisdiction over either defendant, in that Mrs. Doris Markin is a nonresident of the state and defendant Towson is a nonresident of Johnson County. They also moved to dismiss the petition for its failure to state a claim upon which relief could be granted.

The court sustained the motion to dismiss upon each and every ground. Error is enumerated on this order.

Art. VI, Sec. XIV, Par. III of the Constitution of 1945 (*Code Ann.* § 2-4903) provides: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." *Code Ann.* § 3-202 provides: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation. For the purposes of this section, foreclosures and sales under power shall be considered pending litigation." This court, in *Modern Homes Constr. Co. v. Burke,*

219 Ga. 710 (135 SE2d 383) held that the 1962 amendment to *Code Ann.* § 3-202 which provided that: "For the purposes of this section, foreclosures and sales under power shall be considered pending litigation," was unconstitutional.

It appearing in this case that this is an equitable action in which relief in personam was prayed against a nonresident of Johnson County and no substantial relief was prayed against a resident of the county, the trial court properly sustained the motion to dismiss on the ground of the court's lack of jurisdiction to grant the relief sought. *Toland v. Camp,* 138 Ga. 334 (75 SE 138).

Appellant cites, in support of his position, the provision of the Act of 1966 (Ga. L. 1966, p. 343) to the effect that a court of this state may exercise personal jurisdiction over any nonresident or his executor if he: (a) transacts any business matters within the state, or (b) owns, uses, or possesses any real property situated within the state. Appellant urges that this statute permits the instant suit because as owner of the security deed on property in Johnson County, and in attempting to foreclose on that deed, defendant was rendered subject to suit in that county, and the Superior Court of Johnson County thus had jurisdiction of the execution of the Otto Markin estate.

This being an equity action where an in personam judgment is sought against defendants who are not residents of Johnson County, and in which no substantial relief is sought against any resident defendant, the constitutional provision, and not the statute controls.

*Judgment affirmed. All the Justices concur.*