29060. McINTOSH v. MID-STATE HOMES, INC.

UNDERCOFLER, Justice.

This is an action in the Superior Court of McIntosh

County to set aside a deed issued under a foreclosure sale. The trial court dismissed the case for lack of jurisdiction of the defendant. This appeal followed.

The facts show that the plaintiff was the owner of certain real estate in McIntosh County and in 1972 gave a security deed thereon to Jim Walter Homes, Inc. Thereafter the security deed was assigned to the defendant, Mid-State Homes, Inc. In 1973 the defendant foreclosed the property and took title thereto and is now the record owner. The defendant is a Florida corporation without a registered agent in Georgia. The defendant moved to dismiss the petition and quash the service for lack of jurisdiction over its person. The trial court granted the motion and this appeal followed. We reverse.

The action is authorized by Georgia's Long Arm Statute. It provides, "A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: . . . (d) Owns, uses or possesses any real property situated within this state." Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444). "The venue of claims or causes of action arising under the provisions of this law [§§ 24-113.1 through 24-118] shall lie in any county wherein the . . . real property is located." Code Ann. § 24-116 (Ga. L. 1966, pp. 343, 344; 1968, p. 1419; 1970, pp. 443, 445). These provisions apply to the defendant corporation here. See Code Ann. § 24-118 (Ga. L. 1968, pp. 1419, 1420).

This conclusion does not conflict with the holding in *Roberts v. Markin,* 225 Ga. 352 (168 SE2d 576). That case merely applied the Georgia constitutional provisions for venue in equity actions where there was a resident co-defendant.

Also, we find no merit in appellee's contention that Code Ann. § 22-1401 (b) (7, 8) of the Georgia Corporation Code relating to foreign corporations limits the jurisdiction over such corporations granted in the Long Arm Statute. As stated in Code Ann. § 22-1401 (b), "a foreign corporation shall not be considered to be

transacting business in this State, *for the purposes of qualification under this Code . . ."* (Emphasis supplied.) Ga. L. 1968, pp. 565, 707; 1969, pp. 152, 201. These provisions apply in determining whether a foreign corporation is required to obtain a certificate of authority from the Secretary of State to transact business in this state. They are not a limitation upon the jurisdiction of this state's courts under the Long Arm Statute.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED OCTOBER 1, 1974.

*John L. Cromartie, Jr., Michael P. Froman,* for appellant.

*Edwin F. Hunt,* for appellee.