## 54171. COX et al. v. LONG et al.

SHULMAN, Judge.

This appeal follows an order dismissing plaintiffs' complaint for lack of jurisdiction over the defendant. The sole issue presented is whether the Long Arm Statute, Code Ann. § 24-113.1, confers jurisdiction under the facts here. We hold that it does and, accordingly, reverse the judgment.

The facts are not in dispute. Defendants were Georgia residents and owned certain real estate in Cobb County. They subsequently moved to California and have not returned to Georgia since. Some time after becoming California residents, defendants listed their house for sale with a Georgia realtor through a Georgia real estate salesman. Plaintiffs, Georgia residents, offered to purchase the realty. Defendants were advised of the offer and accepted. The offer, preliminary negotiations relating to the realty, preparation of documents, closing, recording of deeds and payment of fees took place in Georgia. Defendants executed the contract and the deeds relating to the realty in California and did not participate in the closing. Defendants received a check subsequent to the disbursements having been made at the closing. Plaintiffs' complaint, based on breach of contract and fraud, alleges that defendants falsely represented that monthly payments on the realty purchased included insurance and further falsely represented that an escrow account existed and that said account would be transferred to plaintiffs in lieu of tax and insurance prorations.

1. Code Ann. § 24-113.1 provides in pertinent part that "A court of this State may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use or possession, . . . if in person or through an agent, he: (a) Transacts any business within this State; or (b) Commits a tortious act or omission within this State . . . (d) Owns, uses or possesses any real property situated within this State."

Appellant contends that the facts of this case as applied to Code Ann. § 24-113.1 (a), (b) and (d) form the

basis for personal jurisdiction over the nonresident defendants herein.

2. "[T]he Long Arm Statute contemplates that jurisdiction shall be exercised over non-resident parties to the maximum extent permitted by procedural due process. [Cit.]" *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 60 (195 SE2d 399).

3. This case is controlled by *Porter v. Mid-State Homes, Inc.*, 133 Ga. App. 706 (213 SE2d 10). Personal jurisdiction exists over defendant as the claim arose out of defendant's ownership of realty in Georgia. Code Ann. § 24-113.1 (d). See *McIntosh v. Mid-State Homes, Inc.*, 232 Ga. 871 (209 SE2d 203) (Florida corporation, without agents in Georgia, as record title holder is subject to Code Ann. § 24-113.1 (d)). Cf. *Co-op Mtg. Investments v. Pendley*, 134 Ga. App. 236, 242 (214 SE2d 572) (Code Ann. § 24-113.1 (d) includes entering into transactions in connection with real property in this state).

Since we find that Code Ann. § 24-113.1 (d) confers jurisdiction, it is unnecessary to determine whether Code Ann. § 24-113.1 (a) and (b) are also applicable to this situation. But see *Porter v. Mid-State Homes, Inc.*, supra (advertising realty in Georgia newspaper and acceptance of the sale proceeds by nonresident's Georgia lawyer constituted transaction of business); *Greenfield v. Portman*, 136 Ga. App. 541 (221 SE2d 704) (isolated sale of personalty alleged to be fraudulent invokes Long Arm jurisdiction); *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407, 413 (203 SE2d 597) (not necessary that defendant participated in purchase and sale of realty while personally present in Georgia).

4. Because ". . . the Long Arm Statute is sui generis in that venue depends in part on a demonstration that there is a valid claim for which relief may be granted," it is necessary to examine the underlying claim. *Lincoln Land Co. v. Palfery*, supra. See also *Shellenberger v. Tanner*, 138 Ga. App. 399 (227 SE2d 266). There being no evidence in the record on appeal as to circumstances relevant to the contract provisions in dispute, we cannot say as a matter of law that the complaint was insufficient to sustain jurisdiction under the Georgia Long Arm Statute.

5. Georgia has a manifest interest in providing

redress in a controversy concerning the sale of real property situated in this state. See generally Shaffer v. Heitner, 45 U. S. L. W. 4849, No. 75-1812, decided June 24, 1977.

Under the circumstances here, an in personam exercise of jurisdiction based upon a sale of Georgia real estate by nonresidents resulting in an injury to Georgia plaintiffs is reasonable.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Dupree & Staples, Barry Staples,* for appellants.
*Heyman & Sizemore, Robert E. Tritt, Patrick L. Swindall, Cochran, Camp & Snipes, J. A. Cochran, Awtrey, Parker, Risse, Mangerie & Brantley, G. Grant Brantley,* for appellees.