## 57957. BELL v. CITIZENS & SOUTHERN NATIONAL BANK.

McMURRAY, Presiding Judge.

This case involves an action on two consumer collateral installment notes. The Citizens and Southern National Bank sued R. C. Bell and Ruby Carpio Bell as co-makers of the notes. R. C. Bell obtained a stay of the proceedings due to the filing of a petition in bankruptcy, and he is no longer in this case.

Ruby Carpio Bell answered, admitting jurisdiction and that she executed the notes along with R. C. Bell, but she claims she did so as a "mere accommodation endorser and that she has been discharged by the acts of the Plaintiff . . ." She also filed a counterclaim against the plaintiff and a cross complaint against R. C. Bell. In the counterclaim she contends the plaintiff was guilty of negligence and bad faith in the transaction in failing to seek to collect from R. C. Bell, the maker of the note, when he was solvent and able to pay the indebtedness.

After discovery and a hearing, an earlier motion by the plaintiff for summary judgment in its favor was

denied. The trial court held that there was a genuine issue as to a material fact as to whether or not defendant, Ruby Carpio Bell, had put the plaintiff on notice of the collateral assigned by R. C. Bell so that plaintiff's failure to proceed against the collateral of R. C. Bell was negligence, hence plaintiff was not entitled to judgment as a matter of law.

Prior to the trial, the plaintiff moved for judgment on the pleadings, and based upon the earlier evidence the court treated same as one for summary judgment. The court then held "there is no genuine issue as to any material fact . . . and that therefore Plaintiff is entitled to summary judgment as a matter of law." Judgment was entered against this defendant in favor of the plaintiff as to both the complaint and the counterclaim. Defendant appeals. *Held:*

1. Defendant contends she was merely an accommodation endorser. However, the notes themselves show her as maker. In a deposition she admitted the notes were made for the purpose of refinancing or renewing other notes and "borrowing additional money and paying them off and this type thing." She further testified the notes were "partly renewal," and to obtain additional funds which were used in her husband's business (Dr. R. C. Bell), but also "[i]t was borrowed for income tax purposes which was a joint liability . . . [and] . . . a draw out of money that came into the account for home purposes or something like that. . ." All evidence before the court shows that she was a co-maker of the notes and not an accommodation endorser. As such, she was jointly and severally liable. Thereafter, when the stay of bankruptcy prevented further proceedings against the other maker, the action could be maintained against her alone. See *Ghitter v. Edge,* 118 Ga. App. 750, 753 (2) (165 SE2d 598). The evidence before the court completely overrules her claim that she was a mere accommodation endorser of the notes.

2. Defendant admitted executing the notes. Same were past due and unpaid. A co-maker is not allowed to plead failure of consideration because he did not receive the money (although in this case she did receive some of the benefits). The money was received by either or both of them, and they are bound. *Mercantile Nat. Bank v. Berger,*

129 Ga. App. 707, 709 (3) (200 SE2d 921); *Feltman v. National Bank of Ga.*, 146 Ga. App. 434, 436 (1) (246 SE2d 447).

3. We know of no requirement in the law that would force the plaintiff to pursue its action against one of the makers before proceeding against the other. As the maker of the note, plaintiff could pursue its action against defendant alone as the maker of the note which would not give rise to any cause of action or claim in failing to pursue the action against the other maker first. See *Ghitter v. Edge*, 118 Ga. App. 750, 753, supra, 754 (4); *Feltman v. National Bank of Ga.*, 146 Ga. App. 434, 438, supra. No issue of material fact remaining for jury determination, the trial court did not err in granting judgment on the pleadings based upon evidence thereby causing the motion to be treated as one for summary judgment.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED JUNE 13, 1979 — DECIDED SEPTEMBER 4, 1979.

*Glenn H. Strother,* for appellant.
*Frank J. Beltran,* for appellee.