Bobby D. MOORE, Individually and as Executor of the Estate of L. T. Moore, deceased, Plaintiff-Appellee,

v.

Mrs. Jimmie F. LINDSEY, Defendant-Appellant.

No. 80–7348.

United States Court of Appeals, Fifth Circuit.*

Unit B

Nov. 30, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Perry & Franklin, J. Reese Franklin, Nashville, Ga., Moore & Chambliss, Timothy J. Warfel, R. Lamar Moore, Moultrie, Ga., for defendant-appellant.

Burt, Burt & Rentz, D. D. Rentz, Albany, Ga., Yancey, Perkins & Barnick, Howard E. Yancey, Jr., Terry R. Barnick, Adel, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FRANK M. JOHNSON, Jr. and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Bobby D. Moore, a Georgia resident, individually and as executor of the estate of L.

T. Moore, brought this diversity suit in federal district court in Georgia, seeking a declaratory judgment that he individually and the estate of L. T. Moore were not liable for indebtedness due Moultrie (Ga.) Production Credit Association or its assigns and that instead the indebtedness must be borne by his sister, Jimmie F. Lindsey, a Florida resident, or by Georgia real estate devised to her under the will of L. T. Moore. The district court denied Lindsey's motion to dismiss for lack of personal jurisdiction. Lindsey counterclaimed seeking (a) an adjudication that Bobby Moore individually was liable for the indebtedness; (b) an exoneration of the property devised to her from the lien of the debt; (c) the imposition of an equitable lien on Georgia real estate devised to Bobby Moore under the will; (d) an injunction restraining Bobby Moore from further dealings with the estate, appointment of a receiver for the estate, and an accounting.

At the time of his death L. T. Moore owned two farms in Georgia, one in Cook County and one in Berrien County. For several years prior to his death L. T. Moore farmed the Berrien County property, and his son, Bobby Moore, farmed the Cook County property. In early 1978 Bobby Moore applied to the Moultrie Production Credit Association (PCA) for three loans, which PCA made after L. T. Moore and Bobby Moore as co-makers signed notes evidencing the debt. As security for the indebtedness L. T. Moore gave to PCA deeds to secure debt covering the Cook County property. When L. T. Moore died testate in early 1979 the PCA indebtedness had not been paid.

L. T. Moore's will specifically devised the Berrien County property to his son, Bobby Moore, and specifically devised the Cook County property, which was subject to the PCA indebtedness, to his daughter, Jimmie F. Lindsey. Bobby Moore and Jimmie F. Lindsey were to share the residuum of the estate equally. The will did not mention any mortgage on any property or whether the devisee of any property that might be subject to mortgage was to take the property encumbered or exonerated of indebtedness.

There were insufficient funds in the residuum of the estate to pay the PCA debts and other indebtedness. Bobby Moore and Lindsey, by this suit and counterclaims, seek to establish whether the Cook County property passes subject to the PCA encumbrance so that Lindsey's property must discharge the debt, or whether Lindsey is entitled to an exoneration of the indebtedness and an adjudication that the debt is that of Bobby Moore individually. The district judge sitting without a jury found that as a matter of law Bobby Moore and L. T. Moore executed the notes as co-makers and that each was jointly and severally liable for payment of the indebtedness, so that PCA and its assigns have a valid claim against L. T. Moore's estate. He held that Bobby Moore as executor would be entitled to obtain from Lindsey or from sale of the Cook County property devised to her the funds necessary to discharge the indebtedness and that Lindsey is not entitled to an exoneration of the Cook County property. He also held that although Bobby Moore is personally liable on the indebtedness neither PCA nor Lindsey is entitled to an equitable lien on the Berrien County property. Finally, the court held that it should refrain from issuing an injunction, appointing a receiver, and ordering an accounting.

We hold that the Georgia long arm statute confers personal jurisdiction over Lindsey and that, because it had no subject matter jurisdiction, the district court properly refrained from issuing an injunction, appointing a receiver, and ordering an accounting. We agree with the district court that the Cook County property bears any part of the PCA indebtedness ultimately to be borne by the estate. We remand to the district court for it to determine whether the estate has a right to indemnity or contribution from Bobby Moore individually.

### I. Personal jurisdiction

█ A federal court in a diversity action enjoys personal jurisdiction over a nonresi-

dent defendant to the extent permitted by the long arm statute of the forum state. Fed.R.Civ.Pro. 4(d)(7) & (e); *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260 at 1264 n.2 (5th Cir., 1981); *Gold Kist, Inc. v. Baskin-Robbins Ice Cream Co.,* 623 F.2d 375, 377 (5th Cir. 1980); *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 489 (5th Cir. 1974). The Georgia long arm statute confers personal jurisdiction over any nonresident as to a cause of action if the nonresident owns, uses or possesses any real property situated within the State of Georgia. Ga.Code Ann. § 24–113.1(d).

Lindsey contends that even though the Cook County property was specifically devised to her under the will of L. T. Moore she does not "own" the property for purposes of the long arm statute. We hold that Lindsey's interest in the Cook County property is "owned" by her within the meaning of the long arm statute.[1]

◼ Since the reach of the Georgia long arm statute is a question of Georgia state law, federal courts are required to construe it as would the Georgia Supreme Court. *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228, 1232 (5th Cir. 1973). Lindsey contends for purposes of the statute the verb "owns" means being the record owner, *McIntosh v. Mid-State Homes, Inc.,* 232 Ga. 871, 209 S.E.2d 203 (1974), or holding legal title, *Porter v. Mid-State Homes, Inc.,* 133 Ga.App. 706, 213 S.E.2d 10 (1975),[2] that the executor and not the devisee hold legal title under Georgia law,[3] thus Bobby Moore and not Lindsey owns the property, with the result that the long arm statute does not reach her.[4]

◼ The Georgia courts have not held that the long arm statute extends solely to the holder of legal title, but neither have they held that the statute encompasses all interests in property. The Georgia Supreme Court, however, has interpreted the statute broadly, *see Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 60, 195 S.E.2d 399, 401 (1973). Moreover, Georgia has a manifest interest in resolving controversies concerning real property situated in Georgia, *Cox v. Long,* 143 Ga.App. 182, 183, 237 S.E.2d 672, 674 (1977). The cases finding jurisdiction under the section of the statute that concerns the ownership of real property reflect a protective policy for Georgia citizens. For example, the statute

1. For a court to exercise personal jurisdiction over Lindsey without her consent, not only must the Georgia long arm statute confer jurisdiction but the controlling state law must comport with basic due process requirements, *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 489 (5th Cir. 1974), and there must be a proper service of process, *Familia De Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1139 (5th Cir. 1980). Lindsey argues that her interest in the Cook County property does not reach the legal status of ownership for purposes of the Georgia long arm statute, and that, because there was no statutory authorization, there was no proper service of process. Because Lindsey offers no challenges to proper service of process or to the constitutional adequacy of the statute other than that she does not "own" the property, we deem these other possible contentions waived, *see Aetna Casualty and Surety Co. v. U.S.,* 435 F.2d 1082, 1084 (5th Cir. 1970), or abandoned, *see Harrison v. Prather,* 404 F.2d 267, 273 (5th Cir. 1968); *Southern Rambler Sales, Inc. v. American Motors Corp.,* 375 F.2d 932, 934 (5th Cir. 1967).

2. She also cites *Co-Op Mortgage Investments Associates v. Pendley,* 134 Ga.App. 236, 214 S.E.2d 572 (1975), to support our limiting the Georgia long arm statute to cases where the nonresident executed transactions in Georgia. Since the court in *Co-Op Mortgage* found jurisdiction under Ga.Code Ann. § 24–113.1(a), which confers jurisdiction if the nonresident "transacts any business within this state," the court's opinion does not affect the construction of Ga.Code Ann. § 24–113.1(d), which requires only the ownership, use or possession of real property.

3. Under Georgia law, if a person dies testate, "all property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Ga.Code Ann. § 113–801. Title vests in the executor until the executor assents to the legacy. *Willingham v. Watson,* 165 Ga. 870, 872, 142 S.E. 458, 459 (1928). Assent by the executor may be express or may be presumed from his conduct, Ga.Code Ann. § 113–802, or a legatee may petition a court of equity to compel the executor to assent, *Lester v. Stephens,* 113 Ga. 495, 39 S.E. 109 (1901).

4. Neither party contends that Lindsey owns any other property in Georgia.

confers jurisdiction over the nonresident vendor of real property even though the nonresident owns no property in Georgia at the time of service. *Cox v. Long*, 143 Ga. App. 182, 237 S.E.2d 672 (1977).[5] What is required is that the cause of action arise from the ownership, use or possession of real property situated within the state. *Hart v. DeLowe Partners, Ltd.*, 147 Ga.App. 715, 716, 250 S.E.2d 169, 171 (1968).

Under Georgia law property is a "very comprehensive term." *Wayne v. Hartridge*, 147 Ga. 127, 132, 92 S.E. 937, 939 (1917). It not only signifies real and personal things owned but designates the right of ownership and that which is subject to be owned and enjoyed. Ga.Code Ann. § 85–101. *See Fears v. State*, 102 Ga. 274, 279, 29 S.E. 463, 465 (1897). A devisee's legally protected interest in devised property, depending on context, is labeled an inchoate title, *see e. g., People's National Bank v. Cleveland*, 117 Ga. 908, 918, 44 S.E. 20, 25 (1903), an equitable title, *see e. g., Schuehler v. Pait*, 239 Ga. 520, 522, 238 S.E.2d 65, 67 (1977),[6] or a beneficial interest, *see e. g.,* Ga.Code Ann. § 108–106. A devisee's interest, while less than complete ownership, carries legally protected interests even before the will is probated. *See Allan v. Allan*, 236 Ga. 199, 200, 223 S.E.2d 445, 448 (1976). For example, the income, profit, and appreciation ultimately go with the legacy though the time of vesting or enjoyment may be postponed. Ga.Code Ann. § 113–809. If an executor unreasonably refuses to assent to the devise the devisee can petition a court of equity to compel

assent. *Lester v. Stephens*, 113 Ga. 495, 498, 39 S.E. 109, 111 (1901). The devisee can convey this inchoate title, *see McGahee v. McGahee*, 204 Ga. 91, 48 S.E.2d 675 (1948), or assign it, *see Sanders v. Hepp*, 190 Ga. 18, 20, 8 S.E.2d 87 (1940).

Considering the rights enjoyed by a devisee, the manifest interest of Georgia courts to resolve controversies concerning real estate situated in Georgia, and the expansive interpretation the Georgia courts give the state's long arm statute, we hold that for purposes of the Georgia long arm statute Lindsey owns the property devised to her; thus, long arm service of process on Lindsey in Florida conferred personal jurisdiction over her.[7]

## II. The indebtedness

In Georgia when two or more persons sign as co-makers of a promissory note they are jointly and severally liable unless the instrument in its own language specifies the obligation differently. *Heard v. Tappan*, 116 Ga. 930, 43 S.E. 375 (1903), *Ghitter v. Edge*, 118 Ga.App. 750, 165 S.E.2d 598 (1968). The holder of the note can proceed against any of the makers without joining the others. *Bell v. Citizens & Southern National Bank*, 151 Ga.App. 126, 258 S.E.2d 774 (1979). The holder can proceed against an accommodation maker without any resort to his principal, *Murphy v. Bank of Dahlonega*, 151 Ga.App. 264, 259 S.E.2d 670 (1979), even if the holder of the note knows that the party signed as an accommodation maker. *Kerr v. DeKalb County Bank*, 135 Ga.App. 154, 217 S.E.2d

**5.** The court in *Cox* found jurisdiction under Ga.Code Ann. § 24–113.1(d), the "owns, uses or possesses any real property within the State," clause, finding it unnecessary to determine whether the nonresidents transacted any business within the state, Ga.Code Ann. § 24–113.-1(a), or committed a tortious act or omission within the state, Ga.Code Ann. § 24–113.1(b). *Cox v. Long*, 143 Ga.App. 182, 183, 237 S.E.2d 672, 673 (1977).

**6.** Equitable title may result from a trust relationship. A trust may be implied whenever the legal title is in one person and the beneficial interest is either wholly or partially in another. Ga.Code Ann. § 108–106. Although there is a

distinction between an executor and a trustee, in many cases "the duty and responsibility would be the same in the case of an executor or trustee; for in either case, however the person so entrusted may be regarded technically, he is actually a trustee." *Perdue v. McKenzie*, 194 Ga. 356, 21 S.E.2d 705, 713 (1942).

**7.** Bobby Moore contends that because Lindsey petitioned a court in Georgia to remove him as executor and entered into an agreement with Moultrie PCA to delay the foreclosure sale, she submitted herself to the jurisdiction of the court. We do not need to consider this argument.

434 (1975). Even if all parties to the transaction understand that a party signs solely as an accommodation party, the accommodation party's liability is still determined by the capacity in which he signed the instrument. *Smith v. Singleton*, 124 Ga.App. 394, 184 S.E.2d 26 (1971). L. T. Moore signed the notes as maker; therefore, whether he signed as a joint debtor or merely as an accommodation maker, he and now his estate are primarily liable to PCA or its assigns for the indebtedness, as is Bobby Moore individually.

■■■ One who discharges a note can call on his joint debtor for contribution. The right arises upon an implied contract on the joint debtor's part to bear his share of the debt. *Powell v. Powell*, 171 Ga. 840, 156 S.E. 677 (1931). Likewise an accommodation party can recover on the implied promise of the accommodated party to indemnify him. *Turner v. Thompson, Kendrick & Co.*, 23 Ga. 49 (1857). The liability between principals is not based on the underlying notes but on the inducement to the action.[8] *Id.* The paying party is entitled to proceed in equity against the other principal at any time after the debt has fallen due even if he has not yet been served. Ga.Code Ann. § 103–301; *Cooper v. National Fertilizer Co.*, 132 Ga. 529, 535, 64 S.E. 650, 653 (1909). The estate therefore has a right to be indemnified by Bobby Moore individually if L. T. Moore signed as an accommodation maker or a right to receive contribution from Bobby Moore individually if he [L. T. Moore] signed as joint debtor. Usually joint debtors are equally liable, but, upon highest equitable principles, if there is an inequality of benefits the debtors contribute not equally but in proportion to the respective benefits accruing to each joint debtor from the proceeds. *Davis v. Perkins*, 178 Ga. 195, 172 S.E. 562 (1934).

■■■ On remand the district court must determine whether as between the parties L. T. Moore signed as a joint debtor or merely as an accommodation party and whether L. T. Moore as an inter vivos gift agreed not to seek contribution or indemnification for paying off the indebtedness. If as a result of these determinations Bobby Moore individually is liable to the estate any amount received by the estate in discharge of such liability will become part of the residuum.[9] If the residuum is sufficient to discharge the PCA debt Lindsey and the Cook County land will be exonerated. Ga. Code Ann. §§ 113–821, 113–1509. If the residuum is not sufficient Lindsey, as devisee of the encumbered Cook County property, must bear the burden of the encumbrance. *Raines v. Shipley*, 197 Ga. 448, 29 S.E.2d 588 (1944).

### III. Other counterclaims

Alleging Bobby Moore's conduct as executor evidenced a conflict of interest, a breach of fiduciary duty and an unfitness to serve as an executor, Lindsey counterclaimed for coercive relief including the removal of Bobby Moore as executor, enjoining him from further dealings with the estate, an accounting and the appointment of a receiver. The district court, leaving the matter to state courts, refrained from reaching the merits.

■■■ The district court properly refrained. Since these claims constitute a permissive counterclaim under Fed.R.Civ. Pro. 13(b), they must be supported by independent grounds of federal jurisdiction. *Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228, 236 (5th Cir. 1970). This is a diversity action. In general a federal court in a diversity action has jurisdiction over any civil action that may be brought in a state court if the requisite diversity and amount in controversy re-

---

**8.** The liability between Bobby Moore individually and the estate is separate and distinct from their joint and several liability for the indebtedness to PCA. Bobby Moore's obligation to the estate has the same legal effect as any debt owing to the estate. Bobby Moore urges us to adopt "a windfall theory . . . rather [than] a contract theory" which apparently would forgive any debts owing to the estate by a beneficiary. Georgia law clearly is to the contrary.

**9.** We leave to the district court the manner of enforcement against Bobby Moore, if he is found to be liable to the estate.

quirements of 28 U.S.C. § 1332(a) are met. There are two exceptions, probate and divorce. As to probate,

> federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

*Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256, 259 (1946), quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80, 84 (1909).

■■■■ An exception to the general rule that federal courts are without jurisdiction to entertain matters affecting probate proceedings other than to establish claims and to determine the rights of persons claiming an interest in the estate exists where a state by statute or custom gives parties a right to bring an action in courts of general jurisdiction. *Fakouri v. Cadais*, 147 F.2d 667, 670 (5th Cir.), *cert. denied*, 326 U.S. 742, 66 S.Ct. 54, 90 L.Ed. 443 (1945). In Georgia courts of equity will interfere with the regular administration of estates upon application of any person other than the executor only where there is danger of loss or other injury to his interests. Ga.Code Ann. § 37–403. The danger of loss must be of an immediate loss, however, and the probate court must be unable to grant adequate relief. *Turner v. Turner*, 210 Ga. 586, 82 S.E.2d 137 (1954). Absent extreme circumstances,[10] therefore, a court of equity will not interfere. For example, an allegation that the executor is incompetent and not handling the estate in its best interests but manipulating it for his own personal interests is insufficient to authorize interference. *Gaines v. Gaines*, 171 Ga. 169, 154

S.E. 883 (1930). Moreover, where petition sought removal of administratrix, an accounting, and an injunction against administratrix because she refused to file an inventory, neglected to distribute assets, failed to collect rents and refused to account for rents, the Georgia Supreme Court held that equity had no subject matter jurisdiction. *Turner v. Turner*, 210 Ga. 586, 82 S.E.2d 137 (1954).

■■■■ Applying these rules to this case, the district court had jurisdiction to adjudicate the claims of the parties to the assets, and it properly acted to determine liability for the PCA indebtedness. It had no subject matter jurisdiction, however, to issue an injunction forbidding Bobby Moore from further dealing with the estate, to remove the executor, to appoint a receiver or to require an accounting, *see, e. g., Robinson v. Georgia Savings Bank & Trust Co.*, 106 F.2d 944 (5th Cir. 1939) (accounting and personal money judgment), *Goff v. First National Bank*, 170 Ga. 691, 153 S.E. 767 (1930) (receiver). There were adequate remedies at law. *See* Ga.Code Ann. §§ 113–1101, 113–1229. The district court properly refrained from addressing these claims.

AFFIRMED in part, REVERSED in part and REMANDED.

---

**10.** For example, equity conferred jurisdiction where the will said the executor should act without bond and without being called upon to account for his acts "by any court whatsoever" and the executor subsequently fell into a state of habitual intoxication rendering him incapable of intelligently transacting the business of the estate, *McCord v. Walton*, 192 Ga. 279, 14 S.E.2d 723 (1941), and where the executor was placed in a sanitarium because he had "completely lost his mind and [was] a raving maniac, incapable of managing his own affairs or looking after himself," and the probate court could not act quickly enough to prevent a loss of property, *White v. Glasgow*, 193 Ga. 609, 19 S.E.2d 305 (1942).