DECIDED OCTOBER 3, 1985.

*Jack K. Bohler*, for appellant.
*E. Wayne Wallhausen*, for appellee.

70795. BETHEA et al. v. KENNEDY et al.
(335 SE2d 732)

McMURRAY, Presiding Judge.

On November 7, 1980, Harry E. Bethea, Bobby E. Story and E. Kim Evans (defendants), executed a promissory note in favor of Kenneth T. Kennedy and Edwina R. Kennedy (plaintiffs) in the principal amount of $139,900. The note was made payable to the plaintiffs as consideration for the sale of real and personal property and was secured by a deed to secure debt on real property located in Tattnall County, Georgia. (The defendants signed the promissory note as individuals and not in any representative capacity.) The defendants defaulted in payment and the plaintiffs brought an action to collect on the note, seeking judgment against the defendants for principal, interest and attorney fees. Alternatively, the plaintiffs sought relief under the Power of Sale contained in the deed to secure debt and a judgment against the defendants for any deficiency in unpaid principal and interest. Subsequently, the plaintiffs were served with a filing in the United States Bankruptcy Court and were notified that Corinna Farms, Inc. (debtor corporation) claimed an interest in the property listed as collateral in the deed to secure debt. In accordance with the general stay provision of the Bankruptcy Code (11 USC § 362), the plaintiffs amended the complaint, withdrawing their claim for relief under the deed to secure debt. The plaintiffs proceeded against the defendants individually under the note.

Defendants Story and Evans answered the plaintiffs' complaint denying all material allegations and alleging that the plaintiffs' action is barred by the debtor corporation's filing in the United States Bankruptcy Court. See 11 USC § 362. Defendant Bethea denied all material allegations of the complaint and cross-claimed against defendants Story and Evans for set-off in the event the plaintiffs obtain a judgment against him for damages. The plaintiffs then filed a motion for summary judgment with affidavits supporting their claim for relief. The trial court determined that there was no genuine issue as to any material fact before the court for determination and granted summary judgment in favor of plaintiffs. From this order the defendants appeal. *Held*:

1. The defendants filed an unsigned document purporting to be the affidavit of defendant Harry E. Bethea. This document is techni-

cally deficient and thereby presents no facts in opposition to the plaintiffs' motion for summary judgment. See *Raley v. Mayor &c. of Warrenton*, 120 Ga. 365, 368 (2) (47 SE 972); *State v. Barnett*, 136 Ga. App. 122, 123 (220 SE2d 730).

2. In their only enumeration of error the defendants argue that the trial court erred in granting the plaintiffs' motion for summary judgment because the plaintiffs' action is precluded by the general stay provisions of the Bankruptcy Code (11 USC § 362). We do not agree.

11 USC § 362 provides for the automatic stay of a proceeding against a debtor or the property of the estate of a debtor. *General Motors Acceptance Corp. v. Yates Motor Co.*, 159 Ga. App. 215, 217 (2) (283 SE2d 74). "The purpose of an automatic stay of proceedings against the debtor is to prevent the dissipation of the bankrupt's assets and to avoid the multiplicity of claims in different forums against the estate. [Cit.]" *General Motors Acceptance Corp. v. Yates Motor Co.*, 159 Ga. App. 215, 217, supra.

In the case sub judice, the plaintiffs are seeking to hold the defendants liable for a personal debt which is secured by property owned by the debtor corporation. However, the plaintiffs are not seeking relief under the Power of Sale contained in the deed to secure debt. Further, the debtor corporation is not a co-obligor or guarantor on the note. Under these facts, it is clear that neither the debtor corporation nor the debtor corporation's property is affected by the plaintiffs' action against the defendants. Therefore, we find the automatic stay provided by 11 USC § 362 does not prohibit this action. See *Bell v. C & S Nat. Bank*, 151 Ga. App. 126, 127 (1) (258 SE2d 774).

In conclusion, we find that the trial court's grant of the plaintiffs' motion for summary judgment was appropriate. The plaintiffs' unopposed affidavits show that there is no genuine issue as to any material fact remaining for determination. The plaintiffs are entitled to judgment as a matter of law.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 3, 1985.

*Charles B. Merrill, Jr., James C. Potts, Jr.*, for appellants.
*Joel E. Williams, Jr.*, for appellees.