Paul G. **ASH, Successor Administrator of the Estate of Rosario David VARGAS, Deceased; Dinah Mendoza Vargas; Angie Vargas; Pauline Vargas Bell; and Manuela Vargas Villanueva, Individually and as Representative of the Estate of Antonia Vargas, Deceased Plaintiffs,**

v.

**FORD MOTOR COMPANY Defendant.**

**No. G–03–003.**

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 28, 2003.

Alton C Todd, Friendswood, TX, for Paul G Ash, Jr, Rosario David Vargas, Dinah Mendoza Vargas, Angie Vargas, Pauline Vargas Bell, Manuela Vargas Villanueva, Antonia Vargas, plaintiffs.

David M Prichard, Prichard Hawkins et al, San Antonio, TX, for Ford Motor Company, defendant.

### *ORDER DENYING PLAINTIFFS'*
### *MOTION TO REMAND*

KENT, District Judge.

On November 22, 2002, Plaintiffs Paul G. Ash, Successor Administrator of the Estate of Rosario David Vargas, Deceased; Dinah Mendoza Vargas; Angie Vargas; Pauline Vargas Bell; and Manuela Vargas Villanueva, Individually and as Representative of the Estate of Antonia Vargas, Deceased ("Plaintiffs") brought this wrongful death and survival action against Defendant Ford Motor Company ("Ford") in the Probate Court of Galveston County. Plaintiffs assert claims based on strict tort liability, negligence, gross negligence, and breach of the implied warranty of merchantability. On January 6, 2003, Ford timely removed the action to this Court based on the diversity of the Parties, and on January 15, 2003, Plaintiffs moved to remand the case to state court. For the reasons articulated below, Plaintiffs' Motion to Remand is respectfully **DENIED**.

### I.

Rosario David Vargas ("Vargas") sustained serious injuries resulting in his death when he was involved in an accident in his 1993 Ford Taurus. Vargas was driving westbound on Seawall Boulevard in Galveston, Texas, when he veered into oncoming traffic and struck another vehicle. Plaintiffs seek damages from Ford on the grounds that the airbags in Vargas's Taurus, which deployed during the collision, caused Vargas's death. Specifically, Plaintiffs allege that the airbags were unreasonably dangerous as designed, marketed, and manufactured.

### II.

Generally, a defendant may remove an action from state court to federal court if the action is one over which federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction when complete diversity of citizenship and the requisite amount in controversy are present. *See* 28 U.S.C. § 1332(a). But, for compelling historical reasons, federal courts lack jurisdiction over proceedings that "interfere with" state probate proceedings, assume jurisdiction over the probate, or control property in the custody of the probate court. *See Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Breaux v. Dilsaver,* 254 F.3d 533, 536 (5th Cir.2001). This is known as the "probate exception" to federal subject matter jurisdiction. *See Lemery v. Ford Motor Co.,* 244 F.Supp.2d 720, 725–26

(S.D.Tex.2002) (Kent, J.) (describing the history of and the rationale behind the probate exception).[1]

■ Nevertheless, "[a]n exception to the general rule that federal courts are without jurisdiction to entertain matters affecting probate proceedings ... exists where a state by statute or custom gives parties a right to bring an action in courts of general jurisdiction." *Moore v. Lindsey*, 662 F.2d 354, 361 (5th Cir.1981); *see also Hurst v. Regis Low, Ltd.*, 878 F.Supp. 981, 986 (S.D.Tex.1995); *Dunaway v. Clark*, 536 F.Supp. 664, 670 (D.Ga.1982). In Texas, "[a] statutory probate court has concurrent jurisdiction with the district court in all actions by or against a person in the person's capacity as a personal representative ...." Tex. Prob.Code Ann. § 5(e) (Vernon Supp.2002). The Probate Court of Galveston County is a statutory probate court,[2] the district courts of Texas are courts of general jurisdiction,[3] and this case involves claims by persons in their capacity as personal representatives. Thus, because this case could properly have been filed in a Texas district court, the case is also properly before this Court pursuant to the "exception to the probate exception," outlined in *Moore*.[4] *See Moore*, 662 F.2d at 361; *see also Lemery*, 244 F.Supp.2d at 726–27.

The Court acknowledges the final sentence of Section 5A(b) of the Texas Probate Code, which reads: "In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action apper-

taining to estates or incident to an estate *shall* be brought in a statutory probate court rather than in the district." Tex. Prob.Code Ann. § 5A(b) (Vernon Supp. 2002) (emphasis added). Although this sentence could be read to mean that matters appertaining to or incident to estates *must* be brought in statutory probate courts, such a construction is inconsistent with other provisions of the Texas Probate Code. *Cf. In re Azle Manor, Inc.*, 83 S.W.3d 410, 414 (Tex.App.-Fort Worth 2002, orig. proceeding [leave denied]) ("[I]nterpreting the 'shall be brought' language in section 5A(b) as mandating the transfer of cases to probate from district court would create a patently irreconcilable conflict with the permissive 'may transfer' language in section 5B, and be inconsistent with other permissive language within section 5A(b) which provides that statutory probate courts 'may' hear suits over which they have jurisdiction.") Additionally, there is Texas authority which holds that wrongful death and survival claims, such as Plaintiffs' claims against Ford, are *not* claims "appertaining to" or "incident to" an estate. *See, e.g., Seay v. Hall*, 677 S.W.2d 19, 23 (Tex.1984) (concluding that wrongful death and survival actions are not matters appertaining to or "incident to an estate"); *see also Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 181–82 (Tex.1992) (recognizing that *Seay*'s specific holding was overturned by statute but confirming that *Seay*'s interpretation of matters appertaining to or incident to an estate is still

---

1. The Court assumes, without deciding, that the probate exception applies in this case.

2. *See* Tex. Gov't Code Ann. § 25.0861(b) (Vernon Supp.2002) ("Galveston County has one statutory probate court, the Probate Court of Galveston County.").

3. In *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, the Texas Supreme Court expressly states that "[a] Texas district court ... is a court of general jurisdiction." *Id.* at 75.

4. The Parties do not dispute that the requirements for diversity jurisdiction otherwise exist.

good law); *In re Ford Motor Co.*, 965 S.W.2d 571, 573 (Tex.App.-Houston [14th Dist.] 1997, orig. proceeding) (stating that "in construing section 5A, the Texas Supreme Court has held that wrongful death and survival actions are *not* claims 'appertaining to or incident to' an estate ....")(quoting *Palmer*, 851 S.W.2d at 182–83). This authority, however, involves various since-amended portions of the Texas Probate Code which this Court need not construe to decide whether Ford properly removed this case.

Clearly, Texas district courts and statutory probate courts have concurrent jurisdiction over actions brought "by or against a person in the person's capacity as a personal representative ...." Tex. Prob. Code Ann. § 5(e) (Vernon Supp.2002). This case involves such an action. Because Plaintiffs could have filed this case in a Texas district court, the exception to the probate exception applies; thus, this case is removable to this Court.

## III.

For the reasons articulated above, this Court hereby respectfully **DENIES** Plaintiffs' Motion to Remand. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**