Larry D. HURST, As Administrator
of the Estate of Jeremy Brian
Toops, et al

v.

**REGIS LOW LIMITED, et al.**

Civ. A. No. G–95–057.

United States District Court,
S.D. Texas,
Galveston Division.

March 3, 1995.

Alton C. Todd, Todd & Hagood, Alvin, TX, for plaintiffs.

Robert J. Ryniker, Kroll & Tract, Houston, TX, for defendants.

### ORDER DENYING REMAND

KENT, District Judge.

This is yet another breach of contract and Declaratory Judgment Act case brought by Plaintiff Larry Hurst ("Hurst") against Defendant Regis Low Limited ("Regis Low") and a truly staggering number of international insurance companies in what appears to be the interminable litigation concerning liability for a state-court judgment entered in favor of the estate of Jeremy Brian Toops in 1992. Before the Court now is Plaintiff Hurst's Motion to Remand this case to an unspecified state court, which this Court has discerned from the record on file to be the County Court at Law No. 3 and the Probate Court of Brazoria County, Texas. For reasons outlined below, the Court finds that Plaintiff's unusual, if original, arguments are inapplicable in this case and that Plaintiff's Motion should be **DENIED.**

The procedural complexities of this tortured case have previously been outlined by this Court in some detail. *See Richard Toops and Eloisa Toops v. Unites States Fidelity and Guaranty Company et al.,* 871 F.Supp. 284 (1994). Suffice it to say at this point that Jeremy Brian Toops was killed when a crane owned by Dayton–Scott Com-

pany, and being transported by Rig Runner Express, Inc., collided into Toops' car. In a jury trial, Rig Runner was found liable for substantial sums of money. However, Rig Runner had made demands on United States Fidelity and Guaranty Company ("USF & G") to defend and indemnify it for any liability it might incur in trial, alleging that it was an additional assured under the Dayton–Scott insurance policy with USF & G. Before judgment was entered, Rig Runner assigned all rights and causes of action it had against USF & G and any additional insurers under the applicable policies to the Toops Plaintiffs. These Plaintiffs subsequently brought suit in state court, seeking to recover $1,000,000 against USF & G. That suit was removed to this Court, which found that Rig Runner, and consequently its assignees, were additional assureds under the USF & G policy. Plaintiff now seeks similar coverage against those companies providing excess insurance, who were not sued in the former litigation.

### 1. The Abstention Claim

■ Plaintiff first argues in very broad terms that remand is appropriate in this case under the doctrine of abstention. It is generally agreed that there are at least four specific situations in which federal courts may properly abstain from deciding cases brought before them.[1] First, a court may abstain from hearing a case when both a federal constitutional issue and an unsettled state-law issue are presented in a case, and a construal of the state issue by a state court could dispose of the necessity of reaching the federal constitutional issue. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Courts invoking *Pullman* abstention "reflect a doctrine of abstention appropriate to our federal system whereby the federal courts, 'exercising a wise discretion,' restrain their

authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." *Id.* at 500, 61 S.Ct. at 645 (quoting *Cavanaugh v. Looney,* 248 U.S. 453, 457, 39 S.Ct. 142, 143, 63 L.Ed. 354 (1919); *Di Giovanni v. Camden Ins. Ass'n,* 296 U.S. 64, 73, 56 S.Ct. 1, 5, 80 L.Ed. 47 (1935)).

■ In the second form of abstention, neither a federal constitutional nor an unsettled issue of state law are present. Rather, there is an uncertain application of clear state law to a fact pattern, under which the federal court will abstain where (1) the federal court is lacking in expertise in the matter but a state court with such knowledge is present; (2) a strong state policy is at stake; and (3) duplicative litigation might ensue if the federal court retained jurisdiction over the case. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Burford* abstention is designed to avoid "[d]elay, misunderstanding of local law, and needless federal conflict with the State policy" involved in the case. *Id.* at 327, 63 S.Ct. at 1104.

■ In the third form of abstention, a federal court may stay an action where an unsettled issue of state law is present, and a state statute permits certification of the issue to the highest state court. *Lehman Brothers v. Schein,* 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974).[2] This form of abstention differs from the first two forms, which both involve constitutional and statutory issues of a public nature, by bringing the abstention doctrine to bear on *private* litigation that raises questions of unsettled state law.

■ Finally, in the fourth type of abstention, a federal court may stay or dismiss an action out of concern for "[w]ise judicial administration, giving regard to conservation

---

[1]. As one leading commentator points out, legal scholars have argued that there are anywhere from two to five distinct abstention doctrines, and these often overlap in conceptually confusing ways. Charles A. Wright, The Law of Federal Courts 303 (1983).

[2]. This form of abstention reversed the long-standing practice of refusing to grant abstention merely because a difficult issue of state law was

present in a case. *See Meredith v. City of Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943) ("[T]he difficulties of ascertaining what the state courts may hereafter determine the state law to be do not in themselves afford a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision.").

of judicial resources and comprehensive disposition of litigation," where a similar action is pending in state court. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)); *see also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Under *Colorado River* abstention, courts consider factors such as (1) whether there is a state proceeding adequate to provide a remedy; (2) whether the court has jurisdiction over property; (3) the convenience of the federal forum; (4) the avoidance of piecemeal litigation; (5) which action was first begun; and (6) whether state or federal law applies. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246; *Moses H. Cone,* 460 U.S. at 25–26, 103 S.Ct. at 942.[3]

■ Plaintiff in this case *appears* to invoke (without naming) the doctrine of *Pullman* abstention by arguing that remand is proper because federal courts should leave to the state court unsettled questions of state law. (See Plaintiff's Motion for Remand, Instrument # 4, at 2). Such abstention is manifestly improper in this case. First, there is, quite obviously, *no* federal constitutional issue at stake in this suit at all; rather, Plaintiff merely presents intricate issues of state insurance and contract law, as Plaintiff himself admits. (Id.). Second, there is no argument in any pleading before this Court that Texas law as it applies to insurance contracts is in any way "unsettled" for abstention purposes. Indeed, the only unsettled thing in this case is the Court itself, which finds the prospect of entering another round of this miasmic litigation cause for something less than jubilation.

■ Secondly, Plaintiff also *appears* (again, without so naming) to invoke *Colorado River* abstention by arguing that remand is proper in this case to ease the congestion of federal courts. The Supreme Court has been very clear that *Colorado River* abstention is to be granted very sparingly, due to federal courts' "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246; *see also The St. Paul Insurance Co. v. Trejo,* 39 F.3d 585, 589 (5th Cir.1994). In this case, it is absolutely clear to this Court that abstention under the *Colorado River* doctrine is outside the discretion of the Court.

On its face, this case presents no compelling evidence that the factors considered under *Colorado River* and *Moses H. Cone* strongly argue in favor of abstention: this Court is generally as convenient to these parties as the state court would be if the suit were heard in Brazoria County; no piecemeal litigation will ensue in this case if the Court denies remand; and very little action in state court occurred before Defendants removed the suit to this Court. While the state-court action was filed first, that is by definition always the case when a federal court is asked to remand a case that has been removed to it. *Moses H. Cone* makes clear, however, that it is not so much which case was filed first that determines this abstention issue so much as how much progress has been made in the two actions. *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 940. In this case, very little action has occurred in either the state or federal court, so no factor weighs in favor of abstention. Indeed, the only *Colorado River* factor that argues for abstention is the fact that this case is controlled exclusively by state law.[4] Nevertheless, having already construed the very same

---

3. In addition to these four distinct types of abstention, a fifth, quasi-abstention doctrine exists under the *Younger* doctrine. A federal court will not enjoin state-court proceedings in a criminal case, notwithstanding the fact that the federal court has full jurisdiction over the case, except where bad faith, harassment, or other extraordinary circumstances are present. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Cf. Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (holding that injunctions against state proceedings are expressly authorized by the civil rights statutes, 42 U.S.C. § 1983, and are therefore not barred by the Anti–Injunction Act, 28 U.S.C. § 2283).

4. The Court does not find the fact that no *in rem* jurisdiction is present in this case dispositive because this factor applies with equal force to the state court proceeding.

contract disputed in this case in an earlier proceeding, the Court finds that, much to its profound regret, it cannot legitimately state that the interpretation of the state law at issue here is unfamiliar to the Court.

 The Court has momentarily entertained the faint hope that the fact that this case presents a claim under the Declaratory Judgment Act would allow this Court to exorcise a case which, like an unhappy spirit, continues to haunt the Court's docket. Unfortunately, this is not to be. The *Colorado River* factors are not the only basis on which a court can find that abstention properly applies in a case whose facts resemble those before the Court. When a suit seeks declaratory relief, it may be dismissed (or remanded) even though it fails to satisfy the highly restrictive "exceptional circumstances" test laid out in *Colorado River* and *Moses H. Cone*. *Travelers Insurance Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 n. 12 (5th Cir.1993) (stating that "the factors set out in *Colorado River* ... are inapplicable in declaratory judgment actions."); *see also Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94, 95 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1993). In such a case, the Court must determine:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (5) whether the federal court is a convenient forum for the parties and witnesses, and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Travelers*, 996 F.2d at 778.

 In this case, the Court is convinced that each of these factors strongly argues in favor of abstention. Nevertheless, it is equally clear to the Court that Plaintiff's claims in this case are not solely within the Texas Declaratory Judgment Act. Texas Civil Practices and Remedies Code, Chapter 37, §§ 37.001 *et seq.* (Vernon's 1986). Plaintiff clearly seeks more than a declaration of rights; he also asks for relief under breach of contract, attorney's fees, and prejudgment interest. As the Fifth Circuit has clearly stated, the inclusion of such coercive remedies takes a Plaintiff's case out of the realm of a pure declaratory judgment action, even though coercive and declaratory remedies can be granted together. *Southwind Aviation, Inc. v. Bergen Aviation*, 23 F.3d 948, 951 (5th Cir.1994). *Cf. Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 295, 63 S.Ct. 1070, 1071, 87 L.Ed. 1407 (1943) (classifying an action as a declaratory judgment action because it involved only a declaration of rights). In the presence of mixed claims for coercive and declaratory relief, the Court must apply the traditional *Colorado River* factors to this case and find that abstention is not proper.

### 2. The "Probate Exception" Claim

 In addition to abstention, Plaintiff also claims that remand to the state court is proper in this case because the fact that this suit arises out of the administration of an estate takes the case out of this Court's jurisdiction.[5] Plaintiff correctly states in this regard that, despite the requisite diversity of parties and amount in controversy, federal courts generally do not have diversity jurisdiction over matters concerning state probate proceedings, other than to establish claims and determine the rights of those asserting an interest in the estate. *Moore v. Lindsey*, 662 F.2d 354 (5th Cir.1981). As the Supreme Court has stated:

> "[f]ederal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court

---

5. Plaintiff paradoxically alleges that, because this Court does not have subject matter jurisdiction over this case because it arises out of the administration of Jeremy Toops' estate, *abstention* is appropriate. Nevertheless, the doctrine of abstention necessarily implies that the federal court that abstains already has proper jurisdiction over the case. If such jurisdiction were lacking, there would be nothing for the court to abstain from. *Cf.* Wright, *supra*.

does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."

*Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946) (quoting *Waterman v. Canal–Louisiana Bank & Trust Co.,* 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80 (1909)).

 Unfortunately, Plaintiff fails to cite the full provisions of his own authority, which clearly states that the "probate exception" to a federal court's subject matter jurisdiction itself has an exception:

> An exception to the general rule that federal courts are without jurisdiction to entertain matters affecting probate proceeding other than to establish claims and to determine the rights of persons claiming an interest in the estate exists where a state by statute or custom gives parties a right to bring an action in courts of general jurisdiction.

*Moore,* 662 F.2d at 361. To the Court's profound regret, Plaintiff has failed to bear his burden in this case to show this Court with *specific* statutory or case-law authority why the claims in this case could not be brought in a state court of general jurisdiction. Thus, the Court cannot find at this time that Plaintiff has established a "probate exception" to the Court's subject matter jurisdiction. However, the Court will allow Plaintiff fifteen (15) days from the date of this Order to Move to Reconsider the Court's Order if *and only if* he can show specific, compelling evidence as to the jurisdiction of state courts in Brazoria County or other relevant counties as to probate matters both generally and in relation to the specific claims of this case. These matters should include, but not necessarily be limited to, the existence of a statutory probate court in Brazoria County[6]; the jurisdiction of County Courts at Law over probate matters or matters incident to an estate; the jurisdiction of relevant District Courts; the requisite meaning of "general jurisdiction" in this context; and how the potentially overlapping state-court jurisdictions in probate matters illuminate the Fifth Circuit's exception to the "probate exception" Plaintiff has invoked. *See Moore,* 662 F.2d at 361. The Court stresses that it has no interest whatsoever in generalized or specious arguments in this matter.

For these reasons, the Court reluctantly finds that Plaintiff's Motion to Remand this case to the Brazoria County Court of Law No. 3 is **DENIED**. As mentioned above, Plaintiff shall have fifteen (15) days from the date of this Order to file any Motion to Reconsider he may find appropriate, and Defendants shall be given ten (10) days from the date of receipt of Plaintiff's Motion to file a *single, joint response.* No replies or further responses will be required or allowed. If no Motion to Reconsider is filed with this Court, this Order will become final within fifteen days of the date of this Order. Each party is to bear his or its own taxable expenses incurred in this matter. It is further **ORDERED** that no parties file any other related pleadings in this case other than the Motion to Reconsider and the appropriate response. Instead, the parties are instructed to seek whatever relief they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

6. The Court is particularly interested in Plaintiff's construal of Tex.Gov.Code Ann. § 21.009(2) and its relation to the existence of a "statutory probate court" in Brazoria County and the implications this has for state-court jurisdiction over these claims.