Linda A. LEMERY, et al. Plaintiffs,

v.

**FORD MOTOR COMPANY Defendant.**

No. CIV.A.G–02–204.

United States District Court, S.D. Texas, Galveston Division.

June 3, 2002.

---

Alton C. Todd, Attorney at Law, Friendswood, for Linda A. Lemery, Individually and as Executrix of the Estate of Shirley A. Lemery, Deceased, Shirley A. Lemery, Deceased, Galen Yarbrough, Guardian of the Estate of William L. Lemery, an incapacitated adult person, William L. Lemery, Joseph VA Lemery, Jr., Individually, Diane L. Berry, plaintiffs.

Michael S. Goldberg, Baker Botts, John T. McDowell, McDowell Collmer, Houston, for Ford Motor Company, defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' MOTION TO ABSTAIN

KENT, District Judge.

This is a products liability action brought by Plaintiffs Linda A. Lemery, William L. Lemery, Joseph V.A. Lemery, Jr., Diane L. Berry and Galen Yarbrough against Defendant Ford Motor Company ("Ford") pursuant to the state laws of Texas. Plaintiffs recently filed a Motion to Remand or, in the alternative, a Motion to Abstain. After thoughtfully considering Plaintiffs' well-prepared Motion, Ford's insightful Response and the applicable law, the Court ultimately finds that both Plaintiffs' Motion to Remand and Plaintiffs' Motion to Abstain must be **DENIED.**

### I.

When Shirley Lemery's ("Lemery") 1994 Ford Taurus automobile skidded on an icy road and crashed into a guardrail on February 14, 2000, she sustained traumatic injuries that ultimately proved fatal. Lemery's four adult children now seek damages from Ford, individually and on behalf of Lemery's estate, on grounds that the airbags in Lemery's Taurus (which deployed at the time of the collision) were the producing cause of Lemery's death.

More specifically, Plaintiffs argue that the airbags were unreasonably dangerous as manufactured, designed and marketed.

Plaintiffs originally filed this matter in the Probate and County Court No. 2 of Brazoria County, Texas [1] and Ford timely removed the action to this forum on diversity grounds. Plaintiffs now request that the Court remand the case to the probate court for lack of subject matter jurisdiction or, alternatively, refrain from adjudicating their claims on abstention grounds. The Court will address each of these contentions in turn.

## II.

In their Motion to Remand, Plaintiffs profess that this matter falls within the "probate exception" to federal subject matter jurisdiction. In support of this argument, Plaintiffs point out that Plaintiff William L. Lemery, an incapacitated adult, is represented in this action by his guardian, Galen Yarbrough. According to Plaintiffs, the guardianship aspect of this suit brings their claims within the jurisdiction of the Texas probate courts and consequently, invokes an exception to federal subject matter jurisdiction.[2] In response, Ford cites the Fifth Circuit's decision in *Moore v. Lindsey*, 662 F.2d 354 (5th Cir.1981), for the proposition that this lawsuit falls outside the scope of the probate exception. The Court agrees with Ford.

■ A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Generally, such jurisdiction exists as long as complete diversi-

ty of citizenship and the requisite amount in controversy are present. *See* 28 U.S.C. § 1332(a); *Turton v. Turton*, 644 F.2d 344, 347 (5th Cir.1981). However, for compelling historical reasons, federal courts lack jurisdiction over proceedings that "interfere with" state probate proceedings, assume general jurisdiction of the probate or control property in the custody of the probate court. *See Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir.2001). Nevertheless, "[a]n exception to the general rule that federal courts are without jurisdiction to entertain matters affecting probate proceedings ...exists where a state by statute or custom gives parties a right to bring an action in courts of general jurisdiction." *Moore*, 662 F.2d at 361; *see also Hurst v. Regis Low, Ltd.*, 878 F.Supp. 981, 986 (S.D.Tex.1995); *Dunaway v. Clark*, 536 F.Supp. 664, 670 (D.Ga.1982).

■ In Texas, "[a] statutory probate court has concurrent jurisdiction with the district court in all actions by or against a person in the person's capacity as guardian." Tex. Probate Code § 606(e); *see also DB Entm't, Inc. v. Windle*, 927 S.W.2d 283, 286–87 (Tex.App.-Fort Worth 1996, orig. proceeding) (explaining that a state statutory probate court has concurrent jurisdiction with state district courts over wrongful death and survival claims by a person in the person's capacity as a guardian). Thus, because an action of this type could be brought in the district courts of Texas, which are courts of general jurisdiction,[3] this matter may also be heard in

---

1. Prior to her death, Lemery was a resident of Brazoria County.

2. In Texas, "the laws and rules governing estates of decedents apply to and govern guardianships." Tex. Probate Code § 603(a). Thus, Texas probate courts have jurisdiction over claims filed by an individual in his or her

capacity as a guardian. *See* Tex. Probate Code § 606.

3. In *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex.2000), the Texas Supreme Court expressly states that Texas district courts are courts of general jurisdiction. *Id.* at 75.

this forum pursuant to the "exception to the probate exception" outlined in *Moore.*[4] Accordingly, Plaintiffs' Motion to Remand on the basis of the probate exception is hereby **DENIED.**[5]

## III.

Having ascertained the inapplicability of the probate exception, the Court now turns to Plaintiffs' very broad Motion to Abstain. It is generally agreed that federal courts may properly abstain from deciding cases brought before them in four specific situations. *Hurst,* 878 F.Supp. at 983. First, a Court may abstain from hearing a case when both a federal constitutional issue and an unsettled state-law issue are presented, and an elucidation of the state issue by a state court could dispose of the necessity of reaching the federal constitutional issue. *See Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Courts invoking *Pullman* abstention "reflect a doctrine of abstention appropriate to our federal system whereby the federal courts, 'exercising a wise discretion,' restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." *Id.* at 500, 61 S.Ct. at 645 (quoting *Cavanaugh v.. Looney,* 248 U.S. 453, 457, 39 S.Ct. 142, 143, 63 L.Ed. 354 (1919)).

The second type of abstention applies in situations where neither a federal constitutional issue nor an unsettled issue of state law exists; but rather, where there is uncertainty surrounding the proper method of applying a clear state law to a particular fact pattern. Here, a district court may abstain if (1) the federal court is lacking in expertise in the matter but a state court with such knowledge is present; (2) a strong state policy is at stake; and (3) duplicative litigation might ensue if the federal court retains jurisdiction over the case. *See Burford v. Sun Oil Corp.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Burford* abstention is designed to avoid "[d]elay, misunderstanding of local law, and needless federal conflict with the state policy" involved in the case. *Id.* at 327, 63 S.Ct. at 1104.

Under the third abstention doctrine, a district court may stay an action where an unsettled issue of state law is present, and a state statute permits certification of the issue to the highest state court. *Lehman Bros. v. Schein,* 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). This form of abstention differs from the preceding two forms, which both involve constitutional and statutory issues of a public nature, by bringing the abstention doctrine to bear on private litigation that raises questions of unsettled state law.

█ Finally, the fourth abstention doctrine allows a federal district court to stay or dismiss an action out of concern for "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," where a similar action is pending in state court. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). When determining whether

---

4. This proposition assumes that all other jurisdictional prerequisites (diversity of citizenship, amount in controversy) have been satisfied. Here, the Parties do not dispute that such requirements are fulfilled.

5. The Court assumes, without deciding, that Plaintiffs' claims otherwise fall within the probate exception to diversity jurisdiction. The *Moore* decision renders such an inquiry unnecessary. Indeed, *Moore* dictates that the Court has jurisdiction over Plaintiffs' claims—whether the probate exception applies or not.

to apply the *Colorado River* doctrine, district courts consider factors such as (1) whether there is a state proceeding adequate to provide a remedy; (2) whether the court has jurisdiction over property; (3) the convenience of the federal forum; (4) the avoidance of piecemeal litigation; (5) which action was first begun; and (6) whether state or federal law applies. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246.

While Plaintiffs do not specifically cite *Pullman, Burford, Lehman Bros.* or *Colorado River* in support of their Motion to Abstain, they argue the invocation of *Burford* abstention rather clearly, by averring that the Court will "needlessly interfere with the state's administration of its own affairs" by hearing their claims. Moreover, Plaintiffs cite the case of *Bassler v. Arrowood*, 500 F.2d 138 (8th Cir.1974), in which the Eighth Circuit relied upon *Burford* when it decided to abstain from hearing a case that was "intertwined with the probate and administration of [an] estate." *See Bassler*, 500 F.2d at 142. Therefore, because Plaintiffs apparently seek *Burford* abstention (and make no reference to nor argue any other basis for abstention), the Court will confine its remaining analysis to whether the *Burford* doctrine applies.

The Supreme Court summarized *Burford*-type abstention in *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) as follows: "Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.' " *Id.* at 361, 109 S.Ct. at 2514 (citing *Colorado River*, 424 U.S. at 813–14, 96 S.Ct. at 1244). While the *Burford* doctrine is generally applied in cases involving state administrative orders or proceedings, the "difficult questions of state law" contemplated by the doctrine may also arise in cases, such as this one, that involve state judicial proceedings. *See, e.g. Ankenbrandt v. Richards*, 504 U.S. 689, 705, 112 S.Ct. 2206, 2216, 119 L.Ed.2d 468 (1992) (stating that there are circumstances in which *Burford* abstention might be appropriate prior to the effectuation of a state decree in a domestic-relations matter); *Kaiser Steel Corp. v. W.S. Ranch Co.*, 391 U.S. 593, 594, 88 S.Ct. 1753, 1754, 20 L.Ed.2d 835 (1968) (ordering abstention so that state court could decide a novel question of state water law); *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25, 30, 79 S.Ct. 1070, 1074, 3 L.Ed.2d 1058 (1959) (ordering abstention so that state court could have an opportunity to construe the state condemnation statute in question). In any event, federal courts must remain mindful that the *Burford* doctrine "does not require abstention . . . in all cases where there is a 'potential for conflict' with state regulatory law or policy." *New Orleans Pub. Serv.*, 491 U.S. at 362, 109 S.Ct. at 2515 (citing *Colorado River*, 424 U.S. at 815–16, 96 S.Ct. at 1245). In practice, the considerations underlying the *Burford* doctrine seldom favor abstention. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731, 116 S.Ct. 1712, 1728, 135 L.Ed.2d 1 (1996).

In deciding whether *Burford* abstention is proper, the Court must consider (1) whether the Court itself is lacking in experience in the matter but a state court with such knowledge is present; (2) if a strong state policy is at stake; and (3) whether duplicative litigation might ensue

if the Court retains jurisdiction over the case. *See Hurst,* 878 F.Supp. at 983 (citing *Burford,* 319 U.S. at 327, 63 S.Ct. at 1104). None of these concerns exist in the instant action. First, this Court routinely deals with wrongful death cases. *See, e.g. McCaskey v. Cont'l Airlines, Inc.,* 159 F.Supp.2d 562 (S.D.Tex.2001); *Sbrusch v. Dow Chem. Co.,* 124 F.Supp.2d 1090 (S.D.Tex.2000). Moreover, Plaintiffs' claims do not involve a novel or complicated question of state law or seek interference with any state law system. Rather, Plaintiffs' claims implicate well-settled state products liability law, nothing more. Next, Plaintiffs fail to indicate any strong state policy (or any policy at all, for that matter) at stake. And finally, given that all of Plaintiffs' state court claims relating to the allegedly defective airbags have been removed by Ford, the Court does not find that its exercise of jurisdiction over this matter will result in duplicative litigation. Therefore, unlike situations where *Burford* abstention is appropriately applied, this Court's exercise of federal jurisdiction over this case will not have a far-reaching effect on the state's administrative or judicial procedures, disrupt any state policy or measurably reduce the possibility of redundant litigation. Consequently, adopting the *Burford* doctrine in this case does not appear to be justified. Plaintiffs' Motion to Abstain is therefore very respectfully **DENIED**.

**IT IS SO ORDERED.**